517 So.2d 743 (1987)
NEWS AND SUN-SENTINEL CO., Appellant,
v.
PALM BEACH COUNTY, et al., Appellees.
No. 4-86-1999.
District Court of Appeal of Florida, Fourth District.
December 30, 1987.
Wilton L. Strickland and Ricki Tannen of Ferrero, Middlebrooks, Strickland & Fischer, P.A., Fort Lauderdale, for appellant.
Gary M. Brandenburg, Co. Atty., and Maureen Cullen, Asst. Co. Atty., West Palm Beach, for appellees.
HERSEY, Chief Judge.
This case raises the issue of whether attorney's fees are recoverable where access to public records is denied based upon a good faith but mistaken belief that the documents involved are exempt from disclosure.
Section 442.118(1), Florida Statutes (1985), requires every employer to report the presence of toxic substances and other hazardous materials "to the person responsible for the administration and direction of a fire department" of certain governmental units. Pursuant to this statute, the Palm Beach County Fire-Rescue Department received various documents pertaining to hazardous materials. The News and Sun-Sentinel requested production of those documents under section 119.07, Florida Statutes (the "Public Records Act"). The fire-rescue department denied the request, relying on section 442.118(5), Florida Statutes, which appears to permit disclosure of these documents only to fire suppression and fire inspection divisions, emergency medical service providers, and law enforcement agencies.
The newspaper then filed a petition to compel production of these documents and for a writ of mandamus. The fire-rescue department counterclaimed, requesting a declaratory judgment. The trial court required disclosure, ruling that section 442.118(5), Florida Statutes, was not intended to be an exemption from the disclosure requirements of chapter 119. The court reserved jurisdiction to determine the issue of attorney's fees.
Subsequently, a hearing was held on attorney's fees. The parties agreed that the following statute governs:
119.12 Attorney's fees. 
(1) If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected, examined, or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys' fees.
(2) Whenever an agency appeals a court order requiring it to permit inspection of records pursuant to this chapter and such order is affirmed, the court shall assess a reasonable attorney's fee for the appeal against such agency.
Implicit both in the ruling of the trial court and in the position taken by appellee is the proposition that use of the term *744 "unlawfully" by the legislature indicates an intention to engraft a "good faith" or "honest mistake" exception on the requirement that attorney's fees be imposed upon the agency which incorrectly refuses a request to inspect, examine or copy a public record. The trial court postulates that in a case where the statute or where conflicting statutes do not speak expressly to the postulated question, the holding of the trial court establishes new law which was not previously in existence; thus, even if the holding is adverse to the withholder, the withholding did not violate any law in existence prior to the court's holding; in other words, it could not have been "unlawful."
We do not fault the philosophical underpinnings of the trial court's rational, nor do we necessarily endorse it. We disagree with its application here in any event.
Prior to 1984 the statute required attorney's fees to be awarded only when an agency's refusal was found to be "unreasonable." The statute was amended by chapter 84-298, Laws of Florida, 1984, which concerned, in pertinent part, an amendment "providing for attorney's fees." The bill itself is otherwise uninstructive. The staff summary for the Committee on Judiciary dated May 2, 1984, dealing with the subject referred to as "Open Government Laws  Enforcement; Sunset" states that: "7. The attorney's fees provision for enforcement actions is changed to authorize attorney's fees and costs when the court finds that the agency unlawfully refused access." The purpose of this and other amendments made in 1984 was to broaden and simplify access to public records.
The attorney's fees provision may be viewed by the records keeper as a penalty for noncompliance. In one sense this is accurate and thus it may have a tendency to motivate the records holder to be more responsive and careful when a request for disclosure is made. It is at the same time a means of compensating members of the public where a request for disclosure is frustrated when no specific exemption is involved. Clarification of particular applications of the public records law accrues to the benefit of the agency and the public. It is appropriate that a member of the public commencing litigation to enforce disclosure and whose right to disclosure is ultimately vindicated by court order at least have his attorney's fees reimbursed for that endeavor. The public should not be required to underwrite clarification of a law passed for its special benefit. Should we engraft onto the term "unlawfully refused" either a good faith or an honest mistake exception, the salutary effect of the 1984 amendment would be seriously diluted.
The court having found that the newspaper was entitled under the law to disclosure of the documents which it requested, it follows that disclosure was unlawfully refused and the newspaper is entitled to its reasonable attorney's fees. We therefore reverse and remand to permit the trial court, upon proper motion and hearing after notice, to assess an appropriate fee for appellant's counsel.
REVERSED AND REMANDED.
DOWNEY and GUNTHER, JJ., concur.