525 So.2d 933 (1988)
Robert Lee BRUNSON and Herman M. Klemick, Appellants,
v.
DADE COUNTY SCHOOL BOARD, Appellee.
No. 87-2164.
District Court of Appeal of Florida, Third District.
May 10, 1988.
Rehearing Denied June 15, 1988.
*934 Herman M. Klemick, for appellants.
Peters, Pickle, Niemoeller, Robertson, Lax & Parsons and Donna C. Hurtak, for appellee.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
PER CURIAM.
On November 11, 1986 appellants demanded copies of certain records from the Dade County School Board in accordance with the Public Records Act, chapter 119, Florida Statutes (1985). After numerous requests were made over a period of 58 days, the School Board failed to make the records available. Thereupon, suit was filed to enforce compliance with chapter 119. The trial court entered an order requiring the School Board to produce the requested records within 10 days, which was done. Hearings were subsequently held on the issues of plaintiffs' entitlement to attorney's fees and the appropriate amount, if any, to be awarded. The trial court entered its final order denying attorney's fees and costs upon a finding that although "the School Board did delay in producing the records ... there was no unreasonable refusal pursuant to Florida Statute 119, which would give rise to an award of attorneys' fees and costs to Plaintiffs' counsel."[1] The order alternatively provided for an attorney's fee award to plaintiffs of $900.00, if the denial of fees were reversed on appeal.
When considered in the light of the intent of chapter 119, which has as its purpose the prevention of government agencies from restricting access to public records, the Board's unjustified delay in complying with the requests until after a suit was brought amounted to an "unlawful refusal" under section 119.12, for which attorney's fees and costs are to be awarded. See News & Sun-Sentinel Co. v. Palm Beach County, 517 So.2d 743 (Fla. 4th DCA 1987).
We, accordingly, hold that the denial of an award of plaintiffs' attorney's fees and costs was reversible error. Because the provisional award of $900.00 was not supported by substantial, competent evidence in the record as to such amount, an evidentiary hearing shall be held upon remand to determine the appropriate amount of an award of attorney's fees, together with costs.
Reversed and remanded, with directions.
NOTES
[1] Section 119.12(1), Florida Statutes (1985), provides:

"If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected, examined, or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys' fees."