545 So.2d 941 (1989)
Glen FOX and Alligator Towing and Recovery, Inc., Appellants,
v.
NEWS-PRESS PUBLISHING CO., INC. d/b/A Fort Myers News-Press, Appellee.
Nos. 88-02675, 88-03456.
District Court of Appeal of Florida, Second District.
June 9, 1989.
Rehearing Denied July 12, 1989.
*942 Kenneth A. Jones of Kenneth A. Jones, P.A., Ft. Myers, for appellants.
Steven Carta of Simpson, Henderson, Savage & Carta, Ft. Myers, for appellee.
PARKER, Judge.
Glen Fox and Alligator Towing and Recovery, Inc. (Alligator Towing) appeal from the trial court's issuance of a writ of mandamus which ordered the inspection of certain records maintained by Fox and Alligator Towing and from the court's award of attorney's fees to News-Press Publishing Co., Inc. d/b/a Fort Myers News-Press (News-Press). We affirm only that aspect of the writ directing Alligator Towing to allow inspection of its records, but in all other respects we reverse the trial court's mandate including the attorney's fee award.
On March 1, 1986, Fox entered into a towing agreement with the City of Fort Myers (the City). The agreement designated Fox as the exclusive towing company for the City and established terms and conditions related to such towing. Ten days later, with the consent of the City, Fox assigned his interest under this agreement to Alligator Towing. Some time later, a newspaper article printed by News-Press appeared which alleged that Alligator Towing was overcharging for its services.
In August 1986, News-Press forwarded a letter to Fox and Alligator Towing requesting permission to inspect the documents in their "custody or control." In the alternative, the request stated that if the records were not public records, Fox and Alligator Towing were asked to "state the basis for such a conclusion, including the applicable statutory citation to any claimed exemption, and state in writing with particularity the reasons for such conclusions, pursuant to Section 119.07(2)(a), Florida Statutes."
Fox and Alligator Towing, believing themselves to be private parties merely contracting with a city government, and as such not covered by the public records law, filed a declaratory action seeking the lower court's determination as to whether they had become public agencies by contracting with the City. Their complaint for declaratory relief was filed without delay on August 19, 1988, two days after News-Press requested the records. News-Press responded by filing a counterclaim for a writ of mandamus. The trial court issued an alternative writ of mandamus, finding that the counterclaim set forth a prima facie case for extraordinary relief pursuant to Florida Rule of Civil Procedure 1.630(b), and ordered Fox and Alligator Towing to permit inspection of their business records or, in the alternative, to show cause why they should not be required to do so.
Fox and Alligator Towing filed their response and affirmative defenses to the counterclaim and the alternative writ of mandamus. Fox and Alligator Towing then appeared before the trial judge to show cause why they should not be required to permit inspection of the records requested by News-Press. No testimony was taken nor were any exhibits submitted into evidence at that hearing. The trial court later issued its writ of mandamus ordering Fox and Alligator Towing to permit inspection of the requested records. Thereafter, News-Press filed a motion to tax reasonable costs and attorney's fees against Fox and Alligator Towing under section 119.12, Florida Statutes (1987), which the trial court awarded. Both orders are the subject of this appeal.

PUBLIC RECORDS ARGUMENT
The trial court was correct in finding that the business records maintained by Alligator Towing in connection with its agreement with the City were public records open to inspection by the press and public. Section 119.011(1), Florida Statutes (1987) defines "public records" as follows:
"Public records" means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.

(Emphasis supplied.) "Agency" is defined under section 119.011(2) as:

*943 any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.

(Emphasis supplied.)
While there is no one factor that determines when records of a private business under contract with a public entity fall within the purview of the public records law, a totality of factors which indicate a significant level of involvement by the public entity, such as the City in this instance, can lead to the conclusion that the records are subject to the Public Records Act (the Act). See Schwartzman v. Merritt Island Volunteer Fire Dep't, 352 So.2d 1230 (Fla. 4th DCA 1977), cert. denied, 358 So.2d 132 (1978). Under the towing agreement before us, the City required Alligator Towing as its towing agent to, among other things:
(a) remove vehicles from the streets and other property of the City only as directed by an authorized representative of the City police department;
(b) charge for such services only at the rates set by the City, which were to be adjusted by the City on an annual basis;
(c) maintain public liability insurance with the City named as additional insured;
(d) provide a storage facility with an inside area for police processing;
(e) operate at specified hours and respond to calls within a specified time;
(f) possess specified equipment meeting specific criteria set by the City;
(g) inventory the personal property of any towed vehicle with a police officer, and provide the police department with a copy of such inventory;
(h) provide the police department, upon request, with lists of all towed vehicles and provide the City, upon request, with a list of all personal property coming into the towing agent's possession as a result of the towing agreement;
(i) allow police department or city representatives, at the city's discretion, to inspect the property and records of the towing agent (Alligator Towing) at any reasonable time; and
(j) prepare and maintain certain forms and records.
By virtue of these obligations set forth in the towing contract, Alligator Towing, as the assignee under the contract, was clearly performing what is essentially a governmental function, i.e., the removal of wrecked and abandoned automobiles from public streets and property. This governmental duty was engendered by the various statutes directing law enforcement officers to remove abandoned or wrecked vehicles or other personal property from public streets and property. See §§ 316.194(3)(a), 705.103 and 715.05, Fla. Stat. (1987). The City further codified such a requirement in its city ordinances pursuant to its general police powers.[*] Therefore, based on the provisions of this contract, we find that Alligator Towing is an agency as defined under section 119.011(2), and these records are subject to public inspection under the Act.

FOX AS RECORDS CUSTODIAN
We disagree with the portion of the trial court's order, however, which directs Fox as one of the records custodians to permit inspection of these records. There was no basis to support a finding that Fox was a custodian of the contested records. There was no testimony taken at the hearing and no exhibits were introduced into evidence that could lead to such a determination by the trial court. A review of the pleadings and attachments thereto reflect that Fox and Alligator Towing denied Fox was a custodian, and it is not disputed that the City and Fox agreed to the assignment of the towing contract to Alligator Towing.
News-Press argues that, at most, this ruling as to Fox was harmless error because the writ only permits inspection of records within the custody or control of Fox and that Fox will suffer no detriment as a result of that ruling if no records are in his possession. This contention ignores *944 the fact that attorney's fees were assessed against Fox in favor of News-Press. We therefore reverse that portion of the order finding Fox to be a custodian of the requested records and requiring him to produce records maintained in the performance of the towing agreement.

ATTORNEY'S FEE AWARD
As previously stated, reasonable attorney's fees were awarded against Fox and Alligator Towing pursuant to section 119.12(1), Florida Statutes (1987), which provides:
If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected, examined, or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys' fees.
(Emphasis supplied.) Because of our holding that Fox was not a records custodian of the disputed records, we strike at the outset that portion of the attorney's fee order without the need for further discussion.
Turning now to the assessment of attorney's fees against Alligator Towing, for the reasons which follow, we also find that award to be error. We cannot find that Alligator Towing "unlawfully refused" the records inspection; nor was any civil action required to be filed by News-Press to permit this inspection. Before us we have a private corporation under contract with the City which immediately turned to the courts for direction by filing a declaratory action in order to obtain a judicial determination concerning the requirement that it reveal its records to the public. A telling factor is that Alligator Towing sought this declaratory relief within two days of News-Press' request for the records.
We are not unmindful of those cases which uphold the award of attorney's fees under similar circumstances even where the refusal to allow access to the records was based upon a good faith but mistaken belief that the documents were exempt from disclosure. See Brunson v. Dade County School Bd., 525 So.2d 933 (Fla. 3d DCA 1988); News and Sun-Sentinel Co. v. Palm Beach County, 517 So.2d 743 (Fla. 4th DCA 1987). We distinguish these cases, however, in that the requests to inspect the records in those cases were made directly to a "pure public agency" such as the Palm Beach County Fire-Rescue Department and the Dade County School Board, and these agencies refused to comply, requiring in each instance the filing of a lawsuit by the party seeking to inspect the records under the Act.
By contrast, here we have a private corporation under a service contract with the City which immediately filed its own lawsuit requesting direction from the court as to the nature of its obligation under the Act. Because Alligator Towing's obligation under the act is not as clearly delineated as that of a true public agency, and in the absence of a previous judicial determination regarding that obligation, Alligator Towing by seeking a judicial declaration before turning over its records did not, in our opinion, unlawfully refuse to permit inspection of the records.
For these stated reasons, we affirm the trial court's determination that the business records maintained by Alligator Towing in connection with its towing services for the City are subject to public inspection under the Act. To the extent that the writ commands Fox to allow public examination of his records, it is reversed. We further reverse the order awarding attorney's fees to News-Press and direct the trial court to strike that award.
Affirmed in part; reversed in part with directions.
SCHOONOVER, A.C.J., and HALL, J., concur.
NOTES
[*] Fort Myers, Fla., Code § 23-2.1(f), 23-24 (1950); Fort Myers, Fla., Ordinance 416 (Sept. 29, 1953).