582 So.2d 1191 (1991)
PHH MENTAL HEALTH SERVICES, INC., a Florida Nonprofit Corporation, and Carl Strang, As the Records Custodian of Phh Mental Health Services, Inc., Appellants,
v.
The NEW YORK TIMES COMPANY, d/b/a the Ledger, and Lakeland Ledger Publishing Corp., a Florida Corporation, d/b/a the Ledger, Appellees.
Nos. 89-02892, 90-00405 and 90-01489.
District Court of Appeal of Florida, Second District.
May 24, 1991.
Rehearing Denied August 6, 1991.
*1192 David A. Maney and Nancy Hutcheson Harris of Maney, Damsker & Arledge, P.A., Tampa, and J. Hal Connor, Jr. of Summerlin, Connor & Cline, Winter Haven, for appellants.
George K. Rahdert of Rahdert & Anderson, St. Petersburg, for appellees.
FRANK, Acting Chief Judge.
PHH Mental Health Services has appealed from an order requiring it to make its records accessible to the public under the disclosure requirements of chapter 119 of the Florida Statutes. The trial court determined that PHH was acting on behalf of Tri-County Mental Health, Inc., a public agency. The resolution of that question was dependent upon an assessment of the factual setting and we are unwilling to disturb the trial court's determination in the absence of an abuse of discretion which, on the record before us, we do not find to have occurred. We affirm that aspect of the trial court's order. PHH has also appealed from an order requiring it to pay attorneys' fees and costs. We reverse the attorneys' fees order.
The trial court, having determined that PHH acted on behalf of an agency within the meaning of section 119.011(2), Florida Statutes (1987), and was required to reveal its records upon reasonable request, concluded that the New York Times Company and the Lakeland Ledger Publishing Corporation were entitled to attorneys' fees pursuant to section 119.12, Florida Statutes (1987). The relevant statutory language provides that:
If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected, examined, or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys' fees.
We recognize that there are cases from this court and others which hold that attorneys' fees under Chapter 119 are awardable even if the agency's refusal to allow inspection of the records was the result of a good faith belief that it was not required to do so. See Times Publishing Co. v. City of St. Petersburg, 558 So.2d 487 (Fla. 2d DCA 1990); News and Sun-Sentinel Co. v. Palm Beach County, 517 So.2d 743 (Fla. 4th DCA 1987). Here, however, PHH instituted a declaratory action immediately after receiving the records request in order to determine its susceptibility to Chapter 119. PHH was confronted with the problem of simply not knowing whether *1193 the law was applicable to it because PHH was not denominated a public agency by law and its status  i.e., whether it was acting on behalf of a public agency  was in doubt requiring judicial clarification. Although, the trial judge correctly determined that PHH was, indeed, acting on behalf of Tri-County Mental Health, Inc., as is noted above, that conclusion was not so readily apparent that we can say with any degree of certainty that PHH's initial refusal to hand over its records was unlawful. We are guided in our conclusion by our opinion in Fox v. News-Press Publishing Co., Inc., 545 So.2d 941 (Fla. 2d DCA 1989), in which the entity's unclear status and its swift action seeking judicial resolution of whether it acted on behalf of a public agency were significant factors in the decision to reverse the trial court's award of attorneys' fees.
Accordingly, we affirm that portion of the trial court's judgment declaring PHH to be acting on behalf of Tri-County Mental Health, Inc. and ordering PHH to make its records available to the public. Consistent with the policy announced in Fox, we reverse the award of attorneys' fees to the New York Times Company and Lakeland Ledger Publishing Corporation.
HALL and PATTERSON, JJ., concur.