601 So.2d 296 (1992)
James P. WISNER, Appellant,
v.
CITY OF TAMPA POLICE DEPARTMENT, Appellee.
No. 91-01155.
District Court of Appeal of Florida, Second District.
June 19, 1992.
*297 James P. Wisner, pro se.
Pamela K. Akin, City Atty., and Tyron Brown, Asst. City Atty., Tampa, for appellee.
PARKER, Judge.
James P. Wisner appeals the trial court's order which denied his motion for rehearing and motion to tax costs. We reverse, concluding that Wisner filed a civil action against the City of Tampa Police Department (City) to enforce the provisions of the public records laws. He therefore is entitled to costs because the City had refused unlawfully to permit the public records to be copied.
Wisner informed the City that he was the victim of an assault. His case was referred to a detective. Claiming that the detective was untruthful in his handling of that case, Wisner filed a complaint against that detective with the Internal Affairs Bureau (IAB). As part of the IAB investigation, Wisner voluntarily submitted to polygraph examination. Namia and Associates, Inc. (Namia) conducted the examination. Namia sent the City the results of the examination, but kept the actual polygraph chart. Namia determined that Wisner was lying.
Wisner then requested a copy of everything in the City's file. He received a copy of the entire file which did not contain the polygraph chart and five of the eleven questions and answers from the polygraph examination. He then requested a copy of the chart, questions, and answers from Namia. Namia provided Wisner an incomplete list of questions and answers and showed him the polygraph chart. Namia, however, would not provide a copy of the chart.
Wisner unsuccessfully sought, through letters, copies of the polygraph materials from Namia and the City. His request was based upon his position that he was entitled to these materials as a public record under section 119.07, Florida Statutes (1989)[1]. When he did not receive the materials, Wisner, pro se, filed a petition for writ of mandamus against the City and Namia.
Namia filed a motion to dismiss for failure to state a cause of action. The trial court dismissed Wisner's claim against Namia without prejudice. The trial court granted Wisner fifteen days within which to file an amended complaint.
Wisner filed an amended complaint seeking mandamus against the City. The City then filed a motion to dismiss Wisner's complaint, alleging that it did not have the requested materials. The City asserted that these materials were retained by Namia.
During the hearing on the City's motion to dismiss, the original questions and answers and the polygraph chart were entered *298 into evidence. The trial court dismissed Wisner's complaint against the City with prejudice. The trial court gave Wisner fifteen days from the date of the order within which to secure a copy of the court exhibit. If Wisner did not obtain a copy of the polygraph chart within fifteen days, the City was to provide a copy to Wisner upon his request.
Wisner filed an amended motion for rehearing and motion to tax costs pursuant to section 119.12[2]. The trial court denied Wisner's motion for rehearing and motion to tax costs.
We conclude that the trial court erred in denying Wisner's motion to tax costs. The materials Wisner was seeking are public records. See § 119.011(1), Fla. Stat. (1989)[3]; City of Delray Beach v. Barfield, 579 So.2d 315 (Fla. 4th DCA 1991) (intent of the statutes governing complaints against law enforcement officers and the statutes regarding public records is openness and availability of public records). The City may not allow a private entity to maintain physical custody of public records to circumvent the public records chapter. Cf. Tober v. Sanchez, 417 So.2d 1053 (Fla. 3rd DCA 1982), review denied, Metropolitan Dade County Transit Agency v. Sanchez, 426 So.2d 27 (Fla. 1983) (official charged by law with the maintenance of public records may not transfer actual physical custody of the records to another agency to avoid compliance with a request for inspection under chapter 119). Thus, Wisner is entitled to reasonable costs under section 119.12(1), even though the City subsequently provided Wisner a copy of the polygraph chart, as Wisner found it necessary to file a civil action against the City to enforce the provisions of this chapter and the City unlawfully refused to permit the public records to be copied.
Accordingly, we reverse the trial court's order which denied the motion to tax costs and remand for proceedings consistent with this opinion.
HALL, A.C.J., and THREADGILL, J., concur.
NOTES
[1] This section reads in pertinent part:

Every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee. The custodian shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law or, if a fee is not prescribed by law, upon payment of the actual cost of duplication of the record.
§ 119.07(1), Fla. Stat. (1989).
[2] This statute provides:

If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected, examined, or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys' fees.
§ 119.12(1), Fla. Stat. (1989).
[3] This statute provides:

"Public records" means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.
§ 119.011(1), Fla. Stat. (1989).