616 So.2d 27 (1993)
The NEW YORK TIMES COMPANY, etc., et al., Petitioners,
v.
PHH MENTAL HEALTH SERVICES, INC., etc., et al., Respondents.
No. 78559.
Supreme Court of Florida.
March 25, 1993.
*28 George K. Rahdert, Patricia Fields Anderson, Alison M. Steele and Kenneth A. Guckenberger of Rahdert & Anderson, St. Petersburg, for petitioners.
David A. Maney and Nancy Hutcheson Harris of Maney, Damsker & Arledge, P.A., Tampa and J. Hal Connor, Jr., of Summerlin, Connor & Cline, Winter Haven, Co-Counsel, for respondents.
HARDING, Justice.
We have for review PHH Mental Health Services, Inc. v. The New York Times Co., 582 So.2d 1191 (Fla. 2d DCA 1991), because of conflict with Brunson v. Dade County School Board, 525 So.2d 933 (Fla. 3d DCA 1988), and News & Sun-Sentinel Co. v. Palm Beach County, 517 So.2d 743 (Fla. 4th DCA 1987). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution, and approve the decision below.
This case involves the question of whether a private entity acting on behalf of a public agency is responsible for attorney's fees under section 119.12(1), Florida Statutes (1987),[1] when that entity reasonably and in good faith denies a chapter 119 request to inspect records because the private entity's status as an agency under the meaning of chapter 119 is unclear. We find that under such circumstances the private entity's denial of the request does not constitute an unlawful refusal under section 119.12(1), and an award of attorney's fees is not appropriate.
A staff writer with the Lakeland Ledger (the Ledger) newspaper demanded immediate access to inspect and copy the corporate records of PHH Mental Health Services, Inc. (PHH), grounding his request on the authority of chapter 119 of the Florida Statutes. To determine whether PHH was subject to the reporting requirements of chapter 119, PHH commenced a suit for declaratory judgment as to the scope of PHH's obligation under chapter 119. The Ledger subsequently filed a suit, seeking an injunction and a writ of mandamus to force PHH to comply with the requirements of chapter 119. The Ledger also sought an award of attorney's fees and costs pursuant to section 119.12(1). Upon motion by PHH, the suits were consolidated.
The trial court determined that PHH was a private entity acting on behalf of Tri-County Mental Health, Inc., a public agency of the state, and ordered PHH to make its records accessible to the public in accordance with chapter 119.[2] Although the trial *29 court failed to find "any indication of wrongdoing on the part of any individual or corporation," the trial court awarded the Ledger attorney's fees and costs. PHH appealed both orders.
On appeal, the Second District Court of Appeal affirmed the determination that PHH was an entity subject to the requirements of chapter 119, but reversed the order requiring PHH to pay the Ledger's attorney's fees. The court noted that section 119.12(1) requires an agency to pay attorney's fees only when it is determined that the agency has "unlawfully refused" to permit the inspection of its records. The district court stated that PHH's unclear status and its swift action seeking judicial resolution of whether it acted on behalf of a public agency were significant factors in the court's decision to reverse the award of attorney's fees. Based upon the fact that "PHH was not denominated a public agency by law and its status  i.e., whether it was acting on behalf of a public agency  was in doubt requiring judicial clarification[,]" the court could not conclude that PHH's initial refusal to hand over the records was unlawful. 582 So.2d at 1193. Therefore, the district court concluded that attorney's fees were not properly awarded in this case. Id.
The Ledger argues that the decision in this case is contrary to the decisions of the Third District Court of Appeal in Brunson and the Fourth District Court of Appeal in Sun-Sentinel. In both of those cases, the courts awarded attorney's fees based upon a finding that an agency subject to the requirements of chapter 119 unlawfully refused inspection of its records. Brunson involved a school board's refusal to provide requested records until ordered to do so by the trial court. The trial court denied attorney's fees and costs to the requesting parties on the basis that the refusal was not "unreasonable." On appeal, the Third District Court of Appeal reversed, finding that the board's unjustified delay amounted to an "unlawful refusal." 525 So.2d at 934. In Sun-Sentinel, the Fourth District Court of Appeal found that a fire-rescue department's good faith but mistaken belief that the documents requested were exempt from disclosure still constituted unlawful refusal under section 119.12. 517 So.2d at 744.
"It is the policy of this state that all state, county, and municipal records shall at all times be open for a personal inspection by any person." § 119.01(1), Fla. Stat. (1987). Section 119.12(1) is designed to encourage public agencies to voluntarily comply with the requirements of chapter 119, thereby ensuring that the state's general policy is followed. If public agencies are required to pay attorney's fees and costs to parties who are wrongfully denied access to the records of such agencies, then the agencies are less likely to deny proper requests for documents. Additionally, persons seeking access to such records are more likely to pursue their right to access beyond an initial refusal by a reluctant public agency. The purpose of the statute is served by decisions like Brunson and Sun-Sentinel in which a unit of government that unquestionably meets the statutory definition of an agency[3] refuses to allow the inspection of its records.
However, section 119.12(1) was not intended to force private entities to comply with the inspection requirements of chapter 119 by threatening to award attorney's fees against them. If it is unclear whether an entity is an agency within the meaning of chapter 119, it is not unlawful for that entity to refuse access to its records. Conversely, refusal by an entity that is clearly an agency within the meaning of chapter 119 will always constitute unlawful refusal.
In the instant case, PHH was a private entity that was judicially determined *30 to be "acting on behalf of" a public agency. However, as the district court noted, prior to this judicial determination "PHH was confronted with the problem of simply not knowing whether the law was applicable to it." 582 So.2d at 1192-93. PHH was not denominated a public agency by law and its status as a private agency "acting on behalf of" a public agency was in doubt. PHH immediately sought judicial clarification of its status. Thus, this case turns on whether a private entity acting on behalf of a public agency has "unlawfully refused" access to its records when that private entity has reasonable uncertainty as to its status under chapter 119 and has acted quickly to clarify its status.
Prior to this Court's decision in News & Sun-Sentinel Co. v. Schwab, Twitty & Hanser Architectural Group, 596 So.2d 1029 (Fla. 1992), no clear standard existed for determining when a private entity is acting on behalf of a public agency and is thus subject to the requirements of chapter 119. Schwab involved a private architectural firm that contracted with a school board to provide architectural services for the construction of school facilities. Pursuant to chapter 119, a newspaper reporter requested the opportunity to inspect all of the architectural firm's files which related to the school board projects. The trial court ruled that the firm was not an agency within the meaning of chapter 119 and need not produce the records. On appeal, the district court affirmed the trial court's ruling, but certified the question to this Court. News & Sun-Sentinel Co. v. Schwab, Twitty & Hanser Architectural Group, 570 So.2d 1095, 1096 (Fla. 4th DCA 1990) approved, 596 So.2d 1029 (Fla. 1992).
In this Court's review of Schwab, we noted that chapter 119 broadly defines the term "agency" to include private entities acting on behalf of any public agency. 596 So.2d at 1031. However, we also recognized that "the statute provides no clear criteria for determining when a private entity is `acting on behalf of' a public agency." Id. Therefore, this Court adopted a "totality of factors" approach as a guide for determining whether a private entity is subject to chapter 119.[4]
In light of this statutory vagueness and lack of judicial guidance, PHH's uncertainty as to its status as an agency within the meaning of chapter 119 was both reasonable and understandable. Moreover, PHH acted swiftly to clarify its status. Therefore, PHH did not "unlawfully" refuse to produce its records and an award of attorney's fees was not proper.
We note that private entities should look to the factors announced in Schwab to determine their possible agency status under chapter 119. In the conflict cases cited, there was no uncertainty as to the "agency" status of the entities involved. Thus, any refusal by the school board or the fire-rescue department was not lawful, and attorney's fees were properly awarded in those cases. However, to the extent that either Brunson or Sun-Sentinel would permit the award of attorney's fees under section 119.12(1) without a determination that the refusal was unlawful, we disapprove those cases.
Accordingly, we approve the decision below.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, C.J., concurs with an opinion.
*31 BARKETT, Chief Justice, concurring.
I am not fully convinced that we have conflict jurisdiction in this case, but given that the majority has chosen to accept jurisdiction, I concur with the Court on the merits. I do suggest, however, that all interests would be best served if courts expedite the proceedings whenever a party seeks a judicial decision to clarify its status under chapter 119.
NOTES
[1] Section 119.12(1), Florida Statutes (1987), provides:

(1) If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected, examined, or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys' fees.
[2] In determining that PHH was an agency for purposes of chapter 119, the trial court relied upon a number of findings, including the following: 1) PHH was created in response to an amendment to the Baker Act which required that the "planning and coordinating for mental health care be administered by a separate [sic] agency from that agency providing mental health care services"; 2) PHH's purpose is "to seek public and private monies to promote funding for the purchases of property, equipment and services in furtherance of mental health care in Polk, Hardee and Highland counties"; and 3) although PHH was a private, non-profit corporation, PHH received public funds, used public property, and coordinated its actions with those of Tri-County Mental Health, Inc., a public agency.
[3] Section 119.011(2), Florida Statutes (1987), defines an agency for purposes of chapter 119 as including "any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."
[4] As explained in News & Sun-Sentinel Co. v. Schwab, Twitty & Hanser Architectural Group, 596 So.2d 1029 (Fla. 1992), the relevant factors to be considered in making such a determination include, but are not limited to:

1) the level of public funding; 2) commingling of funds; 3) whether the activity was conducted on publicly owned property; 4) whether services contracted for are an integral part of the public agency's chosen decision-making process; 5) whether the private entity is performing a governmental function or a function which the public agency otherwise would perform; 6) the extent of the public agency's involvement with, regulation of, or control over the private entity; 7) whether the private entity was created by the public agency; 8) whether the public agency has a substantial financial interest in the private entity; and 9) for who's benefit the private entity is functioning.
Id. at 1031.