953 So.2d 759 (2007)
OFFICE OF THE STATE ATTORNEY FOR the THIRTEENTH JUDICIAL CIRCUIT OF FLORIDA, Appellant,
v.
Wesley GONZALEZ, Appellee.
No. 2D06-1576.
District Court of Appeal of Florida, Second District.
April 20, 2007.
*760 Arthur I. Jacobs of Jacobs & Associates P.A., Fernandina Beach, for Appellant.
George F. Schaefer, San Diego, CA, for Appellee.
PER CURIAM.
The Office of the State Attorney for the Thirteenth Judicial Circuit of Florida appeals a final judgment ordering it to pay Wesley Gonzalez attorney's fees and costs pursuant to section 119.12, Florida Statutes (2002), which is part of Florida's Public Records Law. We affirm.

I. Facts and Procedural History
According to an affidavit in our record, Wesley Gonzalez is currently under supervision for offenses to which he pleaded guilty in 1989. While on probation, he became concerned that the Florida Department of Law Enforcement had improperly calculated his gain time, which would affect the date on which his supervision should expire. In addition, the FDLE allegedly posted erroneous information on its website implying that Mr. Gonzalez had sex with a minor. Finally, the Florida Department of Corrections attempted to require Mr. Gonzalez to provide a blood sample for DNA analysis until this court ruled that he was not required to do so under Florida law. See Gonzalez v. State, 869 So.2d 1231 (Fla. 2d DCA 2004). Mr. Gonzalez therefore retained an attorney to make a public records request of the Office of the State Attorney for his entire closed litigation file in the hope that he would discover information about the *761 gain time calculations, the sex offender website errors, and the events leading to the demand for a blood sample for DNA analysis.
Our record demonstrates that Mr. Gonzalez's attorney, George Schaefer, made a formal request to the Office of the State Attorney for public records related to Mr. Gonzalez's cases. His letter, addressed to the office records custodian, was dated September 25, 2002, and was sent via certified mail. The mail receipt demonstrates that the letter was received by the Office of the State Attorney on September 30, 2002.
Approximately ninety days passed and neither Mr. Gonzalez nor his attorney received the requested records, so Mr. Schaefer filed suit to demand that they be turned over on January 10, 2003. Count one alleged unlawful refusal to disclose public documents and demanded that the Office of the State Attorney make the records available within forty-eight hours pursuant to section 119.11(2), Florida Statutes (2002). In count two, Mr. Gonzalez sought an order declaring that the State Attorney's Office's failure to disclose the public records within a reasonable period from the date of the request constituted an unlawful and unexcused delay as defined by the Florida Public Records Law. Mr. Gonzalez sought attorney's fees and costs for both counts pursuant to section 119.12. On January 21, 2003, the State Attorney's Office mailed the requested records to Mr. Schaefer, who received them on January 24, 2003.
At the trial of this case, the parties presented the judge with a stipulation of the facts concerning the pertinent dates described above. Mr. Gonzalez then testified that he had given his attorney a deposit to cover expenses for photocopying that he assumed would be charged by the State Attorney's Office. As a result of the public records lawsuit, Mr. Gonzalez had incurred fees.
Assistant State Attorney Pamela Bondi testified in defense that the office records custodian placed Mr. Gonzalez's request in interoffice mail to the sex offenders unit, which received it and ordered the file for copying and redaction in anticipation of payment by the requesting party. Although the file was apparently sent back to the sex offenders unit, the records request was apparently misplaced; and because no one was sure who had requested the file, the sex offenders unit ultimately sent the file back to storage.
Ms. Bondi also testified concerning the payment procedures for public records documents. The records custodian calculates her time in copying the documents, and the office charges for her time as well as photocopying expenses. Ms. Bondi did not know, however, whether the State Attorney's Office customarily issued a written invoice before expecting payment from the requesting party. In any event, in this case, no one from the State Attorney's Office ever calculated the costs for copying the records because the request had been lost.
In closing arguments, counsel for the State Attorney's Office contended that Mr. Schaefer never submitted payment for the costs of the records or even inquired about payment, and that fact excused the delay in providing the records. Mr. Gonzalez's counsel objected to this line of argument, however, because the defense was never pleaded. Furthermore, as a practical matter, he contended that it would be impossible for his client to pay for the documents that had not yet been prepared or photocopied, since the charges had not been set. Counsel for the State Attorney's Office replied that the Public Records Law does not require the agency to send an invoice *762 or notify the citizen of the amount of payment due.
At the conclusion of the trial, the trial court rejected the State Attorney's Office's lack-of-payment defense, finding that there can be no payment until there has been a demand. Furthermore, the court found that the State Attorney's Office inordinately delayed responding to the request for the documents: "Clearly the State Attorney's Office is not entitled to an unlimited time period in which to review and respond to these lawful requests. The response [took] certainly over 90 days." Thus, based upon the case law presented by both parties, the court decided that there was an "unlawful delay" constituting a violation of chapter 119, found that Mr. Gonzalez was entitled to reasonable costs and attorney's fees under count two of his complaint, reserved jurisdiction to determine the amount, and entered a final judgment in favor of Mr. Gonzalez.[1]
The Office of the State Attorney then appealed the final judgment to this court, which issued an order to show cause why the appeal should not be dismissed as a nonfinal, nonappealable order and cited cases holding that orders determining entitlement to attorney's fees without setting the amount are not appealable. The Office of the State Attorney never responded to this court's order, and the appeal was dismissed. After the dismissal, this court granted Mr. Gonzalez's motion for appellate attorney's fees.[2]
After the appellate dismissal, the circuit court held a hearing to assess the appellate fees. Although the State Attorney's Office argued that it would be appropriate for the court to reconsider its decision, the court declined to do so and reentered the final judgment along with an award of attorney's fees. On this appeal, the State Attorney's Office contends that the circuit court should not have found that it unlawfully refused to comply with the public records request, nor should it have awarded fees for the first appeal. We reject those arguments and affirm.

II. Public Records Law Violations Delay and Unlawful Refusal
Under certain conditions, section 119.12(1) permits the award of attorney's fees to a prevailing litigant who has filed a civil action against an agency to enforce the provisions of Florida's public records law. In relevant part, the statute provides that "if the court determines that such agency unlawfully refused to permit a public record to be inspected, examined, or copied, the court shall assess and award, against the agency responsible, the reasonable *763 costs of enforcement including reasonable attorneys' fees." The statutory purpose is to encourage voluntary compliance with Florida's public records law, which gives effect to the state's policy "that all state, county, and municipal records shall be open for personal inspection by any person." § 119.01(1); see N.Y. Times Co. v. PHH Mental Health Servs., Inc., 616 So.2d 27, 29 (Fla.1993) ("If public agencies are required to pay attorney's fees and costs to parties who are wrongfully denied access to the records of such agencies, then the agencies are less likely to deny proper requests for documents."). The statute also implements the imperative of article I, section 24(a), of the Florida Constitution, which provides as follows:
Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution.
Much of the case law in this area concerns the status of the entity from which the records are sought or potential exemptions from the statute. For instance, as this court observed in PHH Mental Health Services, Inc. v. New York Times Co., 582 So.2d 1191, 1192-93 (Fla. 2d DCA 1991), the issue was whether the agency is susceptible to chapter 119. "PHH was confronted with the problem of simply not knowing whether the law was applicable to it because PHH was not denominated a public agency by law and its statusi.e., whether it was acting on behalf of a public agencywas in doubt requiring judicial clarification." In News & Sun-Sentinel Co. v. Palm Beach County, 517 So.2d 743, 743 (Fla. 4th DCA 1987), the Palm Beach County Fire-Rescue Department claimed a statutory exemption from the public records act pursuant to section 442.118(5), Florida Statues (1985), but the court held that the statute "was not intended to be an exemption from the disclosure requirements of chapter 119." The Fourth District overturned the circuit court's decision not to award attorney's fees to the newspaper, holding that the agency's good faith in refusing to turn over the records should not be engrafted onto the statute:
The attorney's fees provision may be viewed by the records keeper as a penalty for noncompliance. In one sense this is accurate and thus it may have a tendency to motivate the records holder to be more responsive and careful when a request for disclosure is made. It is at the same time a means of compensating members of the public where a request for disclosure is frustrated when no specific exemption is involved.
Id. at 744.
In a somewhat similar vein, in Wisner v. City of Tampa Police Department, 601 So.2d 296, 298 (Fla. 2d DCA 1992), this court held that an award of attorney's fees under section 119.12 was appropriate when the agency failed to provide some of the records sought under the public records act, including a polygraph chart. The City justified its refusal on the fact that it no longer had the records in its physical possession, but we held that the City could not circumvent the law by allowing a private entity to maintain custody of public records. Because the City unlawfully refused to permit the public records to be copied, Wisner was entitled to reasonable costs even though the City subsequently provided him with the records he sought, as he was forced to file a civil action to enforce his rights under chapter 119.
Wisner falls within a line of cases concerned with whether attorney's fees are justified under the statute when the plaintiff *764 has received the requested records after having filed suit. In Barfield v. Town of Eatonville, 675 So.2d 223, 224 (Fla. 5th DCA 1996), the Fifth District observed that the "evidence clearly establishes that it was only after the appellant filed a lawsuit that the documents he had previously sought by written request to the Town were finally turned over to him." Although the evidence was not described in the opinion, the court specifically held that an "unjustified delay in complying with a public records request amounts to an unlawful refusal" and cited Brunson v. Dade County School Board, 525 So.2d 933 (Fla. 3d DCA 1988).
In Brunson, the plaintiffs made numerous requests for public records over a period of fifty-eight days, but the Dade County School Board failed to make the records available. The plaintiffs filed suit to obtain an order requiring compliance with chapter 119. The School Board provided the records only after being ordered to do so. Nevertheless, the circuit court denied the plaintiffs' entitlement to attorney's fees and costs on the ground that even though the School Board delayed in producing the records, it did not unreasonably refuse to provide them as that term is used in chapter 119. Reversing the denial of attorney's fees and costs under section 119.12(1), the Third District reasoned:
When considered in the light of the intent of chapter 119, which has as its purpose the prevention of government agencies from restricting access to public records, the Board's unjustified delay in complying with the requests until after a suit was brought amounted to an "unlawful refusal" under section 119.12, for which attorney's fees and costs are to be awarded.
Id. at 934.[3]
The Fifth District relied upon Wisner and Brunson for its holding in Mazer v. Orange County, 811 So.2d 857 (Fla. 5th DCA 2002), that production of the records after a lawsuit is filed does not render moot the public records law violations, particularly for determination of entitlement to attorney's fees. The Mazer court found it necessary to remand for a hearing on "whether . . . there was an unlawful refusal of access to the records. . . ." Id. at 860.
This brief survey of the case law suggests that attorney's fees are awardable for unlawful refusal to provide public records under two circumstances: first, when a court determines that the reason proffered as a basis to deny a public records request is improper, and second, when the agency unjustifiably fails to respond to a public records request by delaying until after the enforcement action has been commenced. This second ground is at issue here.

III. The Final Judgment
Count two of Mr. Gonzalez's complaint alleged that the Office of the State Attorney's extensive delay in providing the records he requested amounted to an unlawful refusal. At the time suit was filed, he had not received any records. After considering all of the facts, the trial court found that by "the time the defendant mailed the requested public records after the plaintiff filed suit, there was an unlawful delay in providing public records in excess of ninety days," thus entitling the plaintiff to attorney's fees and costs.
*765 Although the wording of the final judgment suggests that the circuit court's theory was that a delay in excess of ninety days constituted a per se violation of the statute, it is apparent from the record that the court appropriately considered all the factors and did not abuse its discretion in finding an unlawful refusal to provide the records.[4] Delay cannot in itself create liability under section 119.12. If delay were the sole consideration, a party could make a proper request, rest on its laurels, let the required period of time pass, and then file suit to obtain the records and a fee award. Such conduct would run counter to the state's public policy of encouraging a prompt disclosure of the public records.
The Office of the State Attorney's only real defense in the circuit court was that its delay in turning over the records was justified because the plaintiff had not paid a fee for the photocopying costs. The circuit court appropriately rejected this defense (which was not properly pleaded). Section 119.07(1) addresses photocopying charges but as the court observed, the statute does not specify nor do any cases interpret whether there must be an invoice before payment or an offer to pay before invoice. Thus, the court relied upon its common sense to conclude that requiring payment before an invoice cannot excuse the delay in providing the records. We cannot find that the trial court abused its discretion in this regard.
In contrast to its stance in the circuit court proceedings, on appeal the Office of the State Attorney has argued that its failure to turn over the records was not a refusal at all but simply a mistake that could have been remedied had Mr. Gonzalez or his attorney called the office to request the records again. We would observe, in a similar vein, that the State Attorney's Office, which admittedly had prepared the records but had lost the letter requesting them, should have been able to discern from the records that they related to Mr. Gonzalez and could just have easily contacted him or his probation officer to resolve the confusion. The record fails to reflect any action undertaken by the State Attorney's Office to cure or mitigate its mistake. In any event, we decline to engraft upon the statute an additional obligation for a plaintiff to make repeated requests before filing suit to enforce his public records rights. "Should we engraft onto the term `unlawfully refused' either a good faith or an honest mistake exception, the salutary effect of the 1984 amendment [providing for attorney's fees] would be seriously diluted." News & Sun-Sentinel, 517 So.2d at 744. Even if the delay in providing the records can be attributed only to ineptitude of the personnel in the Office of the State Attorney, the delay in this case amounts to an unlawful refusal. See Barfield, 675 So.2d at 225 ("The Town's defense, that the delay in production of the records was caused by either the intentional wrongdoing or ineptitude of its Town clerk, amounts to an unlawful refusal and is not a valid basis for denying recovery of attorney's fees and costs. . . . ").
In conclusion, we must also point out that in resolving this case, this court is limited to those issues that were properly preserved for appellate review.

IV. Appellate Attorney's Fees
After dismissal of the first appeal, this court ordered that Mr. Gonzalez was entitled to attorney's fees in an amount to be set by the trial court, and the trial court entered an award of attorney's fees pursuant to this court's order. The Office of the *766 State Attorney now challenges this order. We affirm.
Where, as here, successive appeals are taken in the same case, the law of the case doctrine applies. Under this doctrine, "questions of law that have actually been decided on appeal must govern the case in the same court and in the trial court through all subsequent stages of the proceedings." Specialty Restaurants Corp. v. Elliott, 924 So.2d 834, 837 (Fla. 2d DCA 2005) (citing Fla. Dep't of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001)); see also Chicago Title Ins. Co. v. Alday-Donalson Title Co. of Fla., Inc., 832 So.2d 810, 813 (Fla. 2d DCA 2002). Because this court granted Mr. Gonzalez's motion seeking appellate attorney's fees and remanded only for calculation of the amount of those fees, the circuit court was required to follow this court's mandate without further consideration. See Specialty Restaurants, 924 So.2d at 838. The trial court properly followed the mandate of this court and did not err in setting appellate fees.
Furthermore, we grant the appellant's motion for attorney's fees for this appeal and remand for the trial court to determine the amount in accordance with this opinion. In doing so, however, the court should consider the fact that the appellate briefs in this case and the dismissed appealwith the exception of the appellate attorney's fees issueare virtually identical and shall not award duplicate fees for appellate work.
The final judgment is affirmed in all respects.
CASANUEVA, SALCINES, and DAVIS, JJ., Concur.
NOTES
[1] The judge found in favor of the Office of the State Attorney on count one, which was based on the failure of the defendant to turn over the documents. By the time of the final hearing, the State Attorney's Office had provided Mr. Gonzalez with the documents, but the plaintiff argued that the disclosure was not complete due to problems with the redaction method. In rejecting the plaintiff's argument, the court found that Mr. Gonzalez should have amended his complaint to include this theory.
[2] Section 119.12(2) provides that "[w]henever an agency appeals a court order requiring it to permit inspection of records pursuant to this chapter and such order is affirmed, the court shall assess a reasonable attorney's fee for the appeal against such agency." This court dismissed the first appeal for jurisdictional reasons, and the Office of the State Attorney chose not to challenge that dismissal either through response to the order to show cause or by moving for rehearing. Because a dismissal for lack of jurisdiction is not an affirmance, in retrospect we might not have granted Mr. Gonzalez's motion for appellate fees at that juncture, but the Office of the State Attorney did not challenge the order in this court at that time. At any rate, that issue is moot because our decision requires that the trial court assess appellate attorney's fees against the Office of the State Attorney.
[3] In PHH Mental Health Services, the supreme court held that attorney's fees were properly awarded in Brunson but disapproved Brunson and News & Sun-Sentinel, 517 So.2d 743, to the extent that either case "would permit the award of attorney's fees under section 119.12(1) without a determination that the refusal was unlawful." 616 So.2d at 30.
[4] The final judgment used the terminology "unlawful delay." More precisely, the delay must be unjustifiable and thus amount to an "unlawful refusal."