GILLESPIE, KENNETH L., Associate Judge.
Appellant, Richard Aithouse (hereinafter “Aithouse”), appeals the lower court’s order denying his writ of mandamus complaint. The complaint sought to compel the Sheriff of Palm Beach County (hereinafter “Sheriff’) to produce public records pertaining to the recruitment and use of confidential informants. Aithouse contends that he is entitled to litigation costs reasonably incurred as a result of filing his complaint to force the Sheriff to comply with his public records request. We concur with Aithouse, reverse and remand to the lower court with directions to set an evidentiary hearing to determine if the costs requested by Aithouse were reasonably incurred and, if so, award those costs to Aithouse.
FACTS
On or about December 9, 2009, Aithouse made a written public records request to the Sheriff pursuant to section 119, Florida Statutes (2009), requesting rules, regulations, operating procedures and policies regarding the recruitment and use of confidential informants. In response, the Sheriffs Central Records Department provided Aithouse a written response indicating that his request for such information was exempt from public disclosure.
Consequently, on December 31, 2009, Aithouse filed a complaint for alternative writ of mandamus order to show cause seeking to compel production of the requested public records. The trial court issued an order to show cause to the Sheriff, having concluded that Althouse’s complaint showed a prima facie case for relief. Upon receipt of the court’s order to show cause, the Sheriff responded that its Central Records Department “failed to adequately respond to” Althouse’s request. By January 19, 2010, the Sheriff complied with Althouse’s public records request by providing him with the requested public records which were redacted in part pursuant to subsection 119.071(2)(d), Florida Statutes (2009).
Notably, counsel for the Sheriff, in a cover letter sent to Aithouse, “apologize[d] for the inadequate response that you [Alt-house] were provided by the Sheriffs Central Record department” and “agreefd] that the response by the Sheriff was not only inadequate but also incorrect with respect to the exemptions which apply to your particular request.” Also, the Sheriff offered to pay Althouse’s cost in filing the petition and perfecting service of process. Notwithstanding the Sheriffs production of the public records, Aithouse disputed the redactions made by the Sheriff, and argued that he was entitled to costs as a result of filing suit to enforce the public record laws despite the Sheriff’s subsequent compliance. In a supplemental response to the order to show cause, the *901 Sheriff provided the trial court with un-redacted copies of the public records for an in camera inspection in order to examine the validity of the redactions. The trial court set a hearing, following which it entered an order denying issuance of a writ.
Although Althouse had to file suit in order to compel production of the public records by the Sheriff, the trial court “[found] that the PBCSO has complied with the Public Request of Plaintiff” and sustained the Sheriffs redactions. However, contrary to the above finding, the trial court found that Althouse was entitled to reimbursement for the ninety ($90) dollars he expended on service of process through the Sheriff, but concluded that Althouse was not entitled to reimbursement for the cost of filing the action, because “when PBCSO contacted the Clerk’s Office to determine what was owed, it was notified that Plaintiff had paid no fees for the filing of the compliant due to his claimed indigency and that no fees were owed to the Clerk.” Following the trial court’s ruling, Althouse moved for rehearing asserting that he had “incurred costs other than the filing fee and service of process, including photocopies, word processing copies, and the use of Westlaw legal research,” which was summarily denied by the trial court. This appeal followed.
PUBLIC RECORD LAW
Subsection 119.01(1), Florida Statutes (2009), provides “[i]t is the policy of this state that all state, county, and municipal records are open for personal inspection and copying by any person. Providing access to the public records is a duty of each agency.” To encourage compliance with that policy, the legislature provided a sanction;
If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected or copied, the court shall access and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys’ fees.
§ 119.12, Fla. Stat. (2009) (emphasis added); see also New York Times Co. v. PHH Mental Health Servs., Inc. 616 So.2d 27, 29 (Fla.1993) (“Section 119.12(1) is designed to encourage public agencies to voluntarily comply with the requirements of chapter 119-If public agencies are required to pay attorney’s fees and costs to parties who are wrongfully denied access to the records of such agencies, then the agencies are less likely to deny proper requests for documents.”).
Whether a person is entitled to fees and costs under section 119.12, is a matter of law reviewed de novo and, per the statute, depends on whether the agency’s refusal was lawful.[1] Instructive in this case is Knight Ridder Inc. v. Dade Aviation Consultants, 808 So.2d 1268, 1270 (Fla. 3d DCA 2002), which provides that “[ejntitlement to fees under the statute is based upon whether the public entity had a ‘reasonable’ or ‘good faith’ belief in the soundness of its position in refusing production.”
*902 In the instant case, it is clear from the record that the Sheriff did not provide evidence of a reasonable or good faith belief in the soundness of his refusal of production to Althouse. Noteworthy is the Sheriffs acknowledgement, which came only after Althouse filed his civil complaint: counsel for the Sheriff wrote Alt-house admitting that the response received from his Central Records department was “inadequate” and “incorrect.” Furthermore, this Court is not persuaded by the Sheriffs position that Althouse was not the prevailing party below and, as such, is not entitled to costs.[2] The statute makes no mention that the Petitioner must be the prevailing party to be awarded costs. Rather, the courts task is determining whether a party had to file a civil action against an agency to compel compliance of public records; if so, if no reasonable or good faith belief existed to withhold such documents, then the court shall assess reasonable costs of enforcement.
Considering the intent of Chapter 119, which has its roots deeply embedded in the prevention of government agencies restricting access to public records without a valid reason, see Brunson v. Dade Cnty. Sch. Bd., 525 So.2d 933, 934 (Fla. 3d DCA 1988), disapproved on other grounds, PHH Mental Health Servs., Inc., 616 So.2d 27; News & Sun-Sentinel Co. v. Palm Beach Cnty., 517 So.2d 743, 744 (Fla. 4th DCA 1987), disapproved on other grounds, PHH Mental Health Servs., Inc., 616 So.2d 27, this Court finds that the Sheriffs delay in complying with Alt-house’s request until after the filing of his suit amounted to an “unlawful refusal” under section 119.12, for which fees and costs are to be awarded.
Accordingly, we hold that the denial of an award of Althouse’s fees and costs, without an evidentiary hearing to determine the reasonableness of such costs, was reversible error. The matter is remanded to the lower court with directions to set an evidentiary hearing to determine if the costs requested by Althouse were reasonably incurred and, if so, award those costs to Althouse.

Reversed and remanded with direction.

POLEN and CONNER, JJ., concur.

. See Weeks v. Golden (Weeks I), 764 So.2d 633, 635 (Fla. 1st DCA 2000) (reviewing a trial court's denial of costs and fees under section 119.12 without any deference to the trial court’s findings); cf. Hinkley v. Gould, Cooksey, Fennell, O'Neill, Marine, Carter & Hafner, P.A., 971 So.2d 955, 956 (Fla. 5th DCA 2007) (typical standard of review is abuse of discretion when amount of fees and costs is at issue; standard of review is de novo, however, "when entitlement to attorney’s fees is based on interpretation of contractual provisions, or a statute, as a pure matter of law” (citations omitted)).

. Equally, the Court does not find convincing the argument advanced by the Sheriff that Althouse "perpetuated the litigation after receiving the requested records from the Sheriff's Office including lawful redactions relating to same.” Notably, the Sheriff's compliance came after Althouse's suit to enforce production of the requested public records.