659 So.2d 1127 (1995)
Robert ATTWOOD, Appellant,
v.
Harry K. SINGLETARY, Appellee.
No. 95-01770.
District Court of Appeal of Florida, Second District.
July 27, 1995.
BY ORDER OF THE COURT:
Robert Attwood has sought this court's review of an order of the Circuit Court which *1128 denied his petition for writ of habeas corpus. The denial was based on the trial court's finding that it lacked jurisdiction to consider the merits of the petition because of Attwood's pending appeal in Case No. 95-1721. That appeal has been dismissed because Attwood sought to appeal a non-appealable order.
The present appeal is now moot and is hereby dismissed. Our dismissal, however, is not predicated solely on the foregoing circumstance, but rather the cumulative effect of Attwood's actions which we deem to be a frivolous and abusive misuse of the judicial process. Such a conclusion is inescapable when we take judicial notice of the great number of filings of baseless appeals, petitions, and related unauthorized motions by Attwood in this court[1] and in other courts.[2] As was pointed out by the United States District Court for the Northern District of Florida:[3]
"Plaintiff Attwood's abuse of this court has delayed the consideration of literally hundreds of other potentially meritorious claims... .
In short, the court is not faced with a pro se litigant who, for lack of education or understanding, has filed one or two frivolous law suits. Attwood's pattern of filing in this court, and which appears to have continued elsewhere, is direct evidence of a willful and malicious attempt to obstruct this court's functions and to harass state prison officials."
Accordingly, upon consideration of the above, we direct the Clerk of this Court to reject for filing all notices of appeal and petitions for extraordinary relief in civil matters sent by or on behalf of Mr. Attwood not yet docketed by this court, unless submitted and signed by a member in good standing of The Florida Bar. Any such papers filed in violation of this order will be automatically placed in an inactive file, and any such notices of appeal received by this court from circuit courts will be summarily stricken by this court. All matters pertaining to prison conditions, medical needs and care, disciplinary actions and the like are considered civil in nature for purposes of this order.
This order shall not apply to any criminal appeal filed by Mr. Attwood which directly concerns a judgment and sentence in a criminal case.
IT IS SO ORDERED.
THREADGILL, C.J., and CAMPBELL and BLUE, JJ., concur.
NOTES
[1] Through June 1, 1995, this court's docket reflects 17 cases having been filed by Attwood within the last six months.
[2] Attwood v. Singletary, United States District Court for the Northern District of Florida, TCA 92-40425-WS, report and recommendation of William Sherrill, United States Magistrate Judge, of October 25, 1993, as adopted by William Stafford, United States District Judge, in order of dismissal of February 18, 1994.
[3] Attwood v. Singletary, United States District Court for the Northern District of Florida, TCA 92-40425-WS, report and recommendation of William Sherrill, United States Magistrate Judge, of May 2, 1995, as adopted by order of United States District Judge, William Stafford, entered on June 8, 1995.