667 So.2d 356 (1995)
Robert ATTWOOD, Petitioner,
v.
EIGHTH CIRCUIT COURT, UNION COUNTY, Florida, Respondent.
No. 95-3452.
District Court of Appeal of Florida, First District.
November 9, 1995.
Robert Attwood, pro se.
Robert Butterworth, Attorney General, Tallahassee, for Respondent.

ORDER
PER CURIAM.
The court, sua sponte, directed petitioner to show cause why he should not be prohibited from appearing without the assistance of counsel. Having considered petitioner's response, we conclude that petitioner should be prohibited from appearing before this court, as either appellant or petitioner, without counsel.
Since January 1, 1995, Robert Attwood, in proper person, has filed seventeen appeals or petitions in this court. The court has yet to grant Mr. Attwood relief on the merits in any of those cases. Four of the cases were voluntarily dismissed. Three cases were dismissed either for lack of jurisdiction or as a sanction for failure to comply with the court's orders or the applicable rules of appellate procedure. In two cases, petitions for mandamus were denied for lack of merit. The remaining cases are at various stages of the appellate process, but none is yet ready for assignment.
In each case, Mr. Attwood has filed numerous frivolous motions. Most of his pleadings and motions are simply incomprehensible. An inordinate amount of judicial and court staff time and resources has been spent dealing with the cases due to Mr. Attwood's profound lack of understanding of the court system in general, and of the appellate system in particular.[1] As a result, this court issued an order directing Mr. Attwood to show cause why he should not be prohibited from appearing in proper person in this court in this and any other case and, instead, required to appear only through counsel.[2]
Mr. Attwood has responded to the order to show cause with the following:
Attwood responds to the 10/3/95 Show Cause Order in this case by stating that it is his inalienable state and federal constitutional right to seek and obtain relief in court and review of lower court actions.

*357 Attwood has done no wrong, only sought justice to which he is entitled as matters of Fact and Law.
No abuse of the judicial system is intended or occurring as a result of anything done by Attwood.
Attwood has state and federal constitutional right [sic] to appear pro se in court to seek and obtain relief. Attwood's poverty causes that right to be inalienable if it were not so already because denial of pro se status amounts to total violation of Attwood's state and federal constitutional rights of association, expression, access to courts, due process and equal protection of law, to petition government for redress, and to be free from discrimination rendering the constitutional provisions upon which these rights are based invalid.
The complaint submitted with, and in support of the petition for writ of mandamus shows the need of, and entitlement to, relief for Attwood; the petition submitted initiating this action describes efforts stopping the relief being obtained or sought. Attwood is justified in this action for his efforts, all efforts relating to the complaint that is submitted in this case. A review of this court's cases initiated by Attwood will show this and other relief erroneously denied by this court, the result of which is protracted litigation instead of justice, which is beyond Attwood's control.
Attwood's rights to seek relief in this and all courts is [sic] inalienable; that right requires he be allowed to seek and obtain relief in 8 Circuit Court Union County, FL as described in the complaint submitted in this action in support of the relief.
For [sic] foregoing reasons Attwood requests the writ in this case that has been sought be ordered issued and the show cause order hereby responded to be discharged as a result of this response and the writ sought being issued.
Despite his response, we are convinced that Mr. Attwood is abusing the court system. The clerk's office receives mail from him on almost a daily basis. Most of the handwritten pleadings are incomprehensible, either because they are illegible or because they make no sense. Almost all are totally frivolous.[3] He files numerous copies of the same pleading in different cases. He cannot (or will not) place the proper case number on pleadings, resulting in the clerk's office having to try to sort out which pleadings are intended for which case.[4] He seldom has a proper certificate of service.
We find that Mr. Attwood's pro se activities before this court have substantially interfered with the orderly process of judicial administration in this court. E.g., Birge v. State, 620 So.2d 234 (Fla. 1st DCA 1993); Martin v. Stewart, 588 So.2d 996 (Fla. 4th DCA 1991); Peterson v. State, 530 So.2d 424 (Fla. 1st DCA), review denied, 531 So.2d 1354 (Fla. 1988). Accordingly, in the exercise of our inherent power to prevent abuse of court procedure, it is ordered that Robert Attwood is henceforth prohibited from filing any document in this court on his own behalf, in this or any other case, as either appellant or petitioner. The Clerk of the Court is directed to refuse any document filed by Mr. Attwood unless signed by a member of The Florida Bar. The Clerk is also directed to enter, forthwith, in each of Mr. Attwood's pending cases which is not yet mature an order affording Mr. Attwood thirty days within which to file and serve a notice of appearance of counsel. Any case in which a notice of appearance is not timely filed shall be dismissed by the Clerk.
BOOTH, WOLF and WEBSTER, JJ., concur.
NOTES
[1] We note that Mr. Attwood has conducted himself in a similar manner in other courts. E.g., Attwood v. State ex rel. Department of Corrections, 660 So.2d 358 (Fla. 4th DCA 1995); Attwood v. Singletary, 659 So.2d 1127 (Fla. 2d DCA 1995).
[2] It also appeared to the court that Mr. Attwood may have been intentionally abusing the system, being unrestrained by normal costs of litigation. See In re Whitaker, ___ U.S. ___, 115 S.Ct. 2, 130 L.Ed.2d 1 (1994).
[3] The response in this case is probably the most cogent pleading Mr. Attwood has filed.
[4] His most recent appeal is from an order entered in a case complaining about prison food, in which Mr. Attwood mailed the trial judge some sort of sandwich, apparently as an exhibit. The trial judge entered an order returning the sandwich to Mr. Attwood, indicating that he might resubmit the sandwich only if the case went to trial. In his appeal, Mr. Attwood seeks, in addition to reversal of the order, an award of damages against the trial judge. In other pending cases, Mr. Attwood has apparently begun refusing legal mail from this court. The mail has been returned to the court marked "refused."