ON MOTION TO QUASH APPEAL

W. SHARP, Judge.
The appellee, Roscoe, moved to quash this appeal on October 23, 1996. Five days later, Battle filed “Appellant’s Answer Brief and Reply to Motion to Quash,” in which she argued that Roscoe, her former husband, had committed criminal acts in their 1988 dissolution of marriage action.
On November 18, 1996, this court served Battle with an order to show cause which read as follows:
Appellant Theresa Battle has filed a Notice of Appeal from an order denying her motion for rehearing and granting attorneys fees to her former husband, Roscoe. The lower court had previously rendered an order dismissing Battle’s complaint with prejudice because it was filed “without justification and needlessly caused the defendant to employ counsel to oppose the same.” Between 1992 and 1996, Battle brought three motions and two separate civil actions alleging that her former husband, Roscoe, obtained the dissolution of marriage judgment thorough [sic] fraud. All were dismissed. Battle has filed three appeals, and attorneys fees were awarded against her in the same three eases. The *302 consequences of Battle’s litigious disposition and lack of legal training is that the lower court and this Court have been burdened with a total of eight meritless actions on the same issue. This has caused a waste of judicial labor and time, and consequently taxpayer dollars, in both the lower court and this Court.
This Court recognizes the constitutional mandate that courts be open to all persons under Article I, Section 21, Florida Constitution. However, when one person unduly burdens the courts to the injury of other litigants, it is necessary to exercise restraint upon that person, ie., the requirement that pleadings be accompanied by an attorney’s signature — a restraint which does not amount to complete denial of access. Shotkin v. Cohen, 163 So.2d 330 (Fla. 3d DCA 1964). It is therefore
ORDERED AND ADJUDGED that Theresa Battle shall file with this Court and show cause, within twenty days from the date of this Order in writing, why she should not be prohibited from henceforth appearing before this Court in propria persona as an Appellant or as a Petitioner in this and other pending causes, or as an Appellant or as a Petitioner in any future cases, concerning an attack on the dissolution judgment. Failure to respond timely may result in the imposition of sanctions.
Battle’s response evidences the necessity of the issuance of the above order. It is in part incomprehensible and is filled with statements which have no meaning. The response indicates her complete lack of understanding of the law, the appellate process, or of the finality of the disposition of the dispute between herself and her husband. It contains no legitimate legal argument. In fact, the response convinces this Court that Battle will continue to pursue legal actions against Roscoe, regarding their dissolution simply because she cannot comprehend that there is nothing remaining to pursue. The statutes and eases she cites have no relevance to the dissolution action. She continues to raise, as she has in the past, only issues previously and finally adjudicated. She cannot revive her grievances by clothing them with a different name.
We conclude that Battle has abused her pro se right of access to the Court so as to interfere with the effective administration of justice. Therefore, in the exercise of our inherent power to prevent abuse of court procedure, Theresa Battle is henceforth prohibited from appearing in her own behalf in this court in this and any further cause seeking to challenge the parties’ dissolution judgment.
This appeal is DISMISSED.
HARRIS and ANTOON, JJ., concur.