807 So.2d 804 (2002)
Anthony TEDESCO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3339.
District Court of Appeal of Florida, Fourth District.
February 27, 2002.
*805 Anthony Tedesco, Sneads, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Christine D. Coughlin, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
This appeal arises from an order denying a petition for writ of mandamus seeking to compel the clerk of the court to respond to the petitioner's public records request. The trial court offered no reason for denying the request, and we conclude that the records requested are not protected by an exemption from disclosure. We therefore reverse the order of the trial court.
Appellant, Anthony Tedesco, was convicted and sentenced for various crimes. He was released from prison and placed on probation. He was charged with a violation of probation, and he represented himself during the majority of the revocation proceedings.[1] After having been found in violation, convicted, and sentenced, he appealed. As part of his appeal, he filed a motion with this court to direct the clerk of the circuit court to include a copy of the progress docket and clerk's minutes in the appellate record. This court ultimately denied the motion.[2]
Appellant then wrote a letter to the clerk of the circuit court requesting the progress docket and clerk's minutes from *806 his criminal case files pursuant to a public records request under Chapter 119, Florida Statutes. In the letter, he agreed to pay for the records and asked that an invoice be sent so that payment could be made. The clerk never responded to the letter. Some weeks later, appellant filed a petition for writ of mandamus with the circuit court asking the court to compel the clerk to provide the public records he requested. Without waiting for a response from the clerk, the trial court denied the writ without explanation. This appeal followed.
Article I, section 24(a), of the Florida Constitution provides that "[e]very person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state ... except with respect to records exempted pursuant to this section." The judicial branch is included in the provision's terms. See id. To implement that provision, the supreme court adopted Rule of Judicial Administration 2.051. Although appellant referred in his request to Chapter 119, we apply rule 2.051, which is the judicial branch counterpart to Chapter 119.
The clerk's records are included in the definition of "judicial records," see Fla. R. Jud. Admin. 2.051(b), and indeed no one would question that the files of criminal cases are judicial records. There is no exemption listed in rule 2.051(c) which would preclude the release of the progress docket or minute entries. Therefore, the clerk had a duty to provide appellant with the records. Because the clerk failed to respond, which is tantamount to a denial, rule 2.051(d) provides that denials may be reviewed by the filing of a writ of mandamus in the circuit court. See Fla. R. Jud. Admin. 2.051(d)(2).
On the face of the petition, the clerk had a ministerial duty to provide the records. The trial court should have, at the very least, ordered the clerk to respond. On appeal, the state responds on behalf of the clerk that appellant failed to establish that the clerk of the court ignored his request. However, the request for the documents was received on April 12, 2001, and the petition for writ of mandamus was filed on May 10, 2001, nearly a month later. The rule provides that "[r]equests and responses to requests for access to public records under this rule shall be made in a reasonable manner." Fla. R. Jud. Admin. 2.051. There is nothing to suggest that appellant's request was not "made in a reasonable manner."
The state also argues that this case has now become moot because appellant stated that he needed the records to file his initial brief on appeal and the initial brief has now been filed. However, there is no requirement that any person show a "need" in order to obtain public records. He could file the same request after filing his brief, and the clerk would still have the same duty to provide copies.
We reverse the order summarily denying the petition and remand for additional proceedings.
TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] There were a multitude of motions made during these proceedings; however, they are not germane to the issue on appeal.
[2] It was denied because, at the time, the appellate rules did not require the inclusion of the progress docket. However, Florida Rule of Appellate Procedure Rule 9.200(a)(1) has been amended, effective January 1, 2001, to require that the record include a progress docket. See Amendments to Fla. Rules of Appellate Procedure, 780 So.2d 834, 838 (Fla. 2000).