820 So.2d 444 (2002)
Juan ITTURALDES, Petitioner,
v.
The Honorable Lydia GARDNER, Circuit Court Clerk, etc., Respondent.
No. 5D02-547.
District Court of Appeal of Florida, Fifth District.
July 5, 2002.
Juan Itturaldes, Crawfordville, pro se.
No Appearance for Respondent.
SHARP, W., J.
Itturaldes, who is presently incarcerated in a Florida prison, petitions this court to obtain a writ of mandamus directed to Lydia Gardner, Clerk of the Ninth Circuit Court, to obtain access to public records relating to a wrongful death suit he filed against persons allegedly responsible for an automobile accident, resulting in his daughter's death. He claims the Department of Corrections lost certain legal papers of his relating to the lawsuit, including the document which assigned him the case number he needs to prosecute the wrongful death suit. We deny the petition without prejudice.
Access to judicial records under the circuit court clerk's control is governed by rules adopted by the Florida Supreme Court. See In re Amendments to Rule of Judicial Administration 2.051Public *445 Access to Judicial Records, 651 So.2d 1185 (Fla.1995). When a request for records in the clerk's control is made and denied, Rule 2.051(d) provides:
(d) Review of Denial of Access Request. Expedited review of denials of access to judicial records or to the records of judicial agencies shall be provided through an action for mandamus, or other appropriate appellate remedy, in the following manner:
(1) Where a judge has denied a request for access to records in the judge's possession or custody, the action shall be filed in the court having appellate jurisdiction to review the decisions of the judge denying access.
(2) All other actions under this rule shall be filed in the circuit court of the circuit in which such denial of access occurs.

Requests and responses to requests for access to public records under this rule shall be made in a reasonable manner. (emphasis added)
It does not appear from the record or Itturaldes' allegations in this case that he has in any way sought relief from an improper denial in the Circuit Court. See Mathis v. State, 722 So.2d 235 (Fla. 2d DCA 1998). If the Clerk refuses to respond to his request for access to judicial records, his remedy would be to seek a Petition for Mandamus in the Circuit Court. Further, review by appeal or mandamus would only then be appropriate in the District Court of Appeal based on the Circuit Court's action or refusal to act. See Tedesco v. State, 807 So.2d 804 (Fla. 4th DCA 2002).
Petition for Writ of Mandamus DENIED without Prejudice.
PETERSON, J., concurs.
GRIFFIN, J., concurs specially with opinion, in which PETERSON, J., concurs.
GRIFFIN, J., concurring specially.
Petitioner is attempting to prosecute pro se and from prison a wrongful death action involving the death of his fourteen-year-old daughter when, as a pedestrian, she was struck by a car. This proceeding and the documents he has prepared for filing below indicate that he is not doing a very good job. The file number can be obtained by a simple telephone call in under one minute to the clerk. If this case has any merit at all, petitioner should be able to obtain representation by a skilled personal injury attorney on a contingent fee basis. He does mention in his filings that he and his former wife are pursuing separate cases, leading to the question whether the ex-wife's case is the one authorized under the Wrongful Death Act. In any event, this case is going nowhere fast and the problem does not lie with the Clerk of Court.
PETERSON, J., concurs.