875 So.2d 785 (2004)
Edward BOSTIC, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D03-4315.
District Court of Appeal of Florida, Second District.
June 23, 2004.
Edward Bostic, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Respondent.
COVINGTON, Judge.
Edward Bostic petitions for certiorari review of the trial court's order denying his petition for a writ of mandamus. We treat his petition as an appeal and reverse. See Fla. R.App. P. 9.040(c); Conner v. Mid-Florida Growers, Inc., 541 So.2d 1252 (Fla. 2d DCA 1989); Skinner v. Skinner, 561 So.2d 260 (Fla.1990).
Bostic wrote several times to the clerk of court requesting a certified copy of his arrest warrant. He sent payment to cover the cost of one copy plus certification. The clerk's office sent Bostic the wrong documents and then refunded his payment. Despite numerous attempts over the course of more than two years, Bostic was unable to obtain a copy of his warrant from the clerk's office. Bostic then filed a petition for a writ of mandamus in the trial court to compel the clerk's office to send him the warrant copy. The trial court *786 denied the petition, finding that Bostic was not entitled to relief.
In considering a petition for a writ of mandamus, the trial court first determines whether the complaint shows a prima facie case for relief by alleging "a clear legal right to performance of the act requested, an indisputable legal duty, and no adequate remedy at law." Fla. R. Civ. P. 1.630(d); Smith v. State, 696 So.2d 814, 816 (Fla. 2d DCA 1997). If so, "the trial court shall issue ... an alternative writ in mandamus that may incorporate the complaint by reference only." Fla. R. Civ. P. 1.630(d)(3) (emphasis added); see also Moore v. Ake, 693 So.2d 697, 698 (Fla. 2d DCA 1997). An alternative writ "is essentially an order to show cause why the requested relief should not be granted." Conner, 541 So.2d at 1256. It is then the respondent's burden to come forth with facts on which it based its refusal to perform its legal duty. Smith, 696 So.2d at 816. Depending on the response, the trial court then either grants or denies the mandamus petition. Id.
In this case, Bostic's petition alleged a prima facie case for relief. It established a clear legal right to have the clerk provide the requested copy; an indisputable legal duty on the part of the clerk to provide it under Florida Rule of Judicial Administration 2.051, see T.T. v. State, 689 So.2d 1209, 1211 (Fla. 3d DCA 1997); and no adequate remedy at law. See also Tedesco v. State, 807 So.2d 804 (Fla. 4th DCA 2002). Therefore, the trial court erred in failing to follow the proper procedure by proceeding directly to hear and rule on the merits of the petition. See Conner, 541 So.2d at 1256.
Accordingly, we reverse and instruct the trial court on remand to issue an alternative writ in mandamus directing the clerk to respond with facts on which it based its refusal to provide the warrant copy. See Smith, 696 So.2d at 816. The trial court may again deny Bostic's mandamus petition if the clerk's office raises a valid defense other than nonpayment. Otherwise, the trial court shall grant the petition for writ of mandamus, in which case the writ may be fashioned "ordering production after [Bostic] has paid for copies." Id.; see also T.T., 689 So.2d at 1211.
Reversed and remanded.
FULMER and WALLACE, JJ., Concur.