885 So.2d 444 (2004)
Rene WOODARD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-2962.
District Court of Appeal of Florida, Fourth District.
October 20, 2004.
*445 Rene Woodard, Jasper, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
This court previously affirmed without prejudice the trial court's summary denial of Woodard's prior petition for writ of mandamus, seeking to compel the state attorney and the clerk of the circuit court to comply with his requests for copies of all their records pertaining to his three criminal cases. The prior petition did not attach any documentation substantiating his record requests, and this court's affirmance was without prejudice to Woodard's re-filing his petition within thirty days to include copies of substantiating correspondence and entitlement to the records. Woodard v. State, 840 So.2d 355 (Fla. 4th DCA 2003).
Woodard timely re-filed his petition in April 2003, this time including correspondence substantiating a request dated February 20, 2002, to each official for their records concerning his cases, specifically including any depositions, arrest reports, and psychological evaluations. In connection with his request to the clerk of the court, he also attached a copy of a document request dated June 27, 2002, specifically requesting certain documents for each case: the information, written plea agreement, arrest report, criminal history and disposition. Within the document request addressed to the clerk of the court, he asked to be advised of the cost of the copies requested. He alleged again in his new petition that he again received no response.[1]
The appellee concedes that mandamus is the proper vehicle for an individual to compel compliance with a request for public records, whether made pursuant to section 119.07 or Florida Rule of Judicial Administration 2.051, but takes the position the new petition, too, was facially insufficient in not including sufficient copies of his purported requests and was not sufficiently specific concerning the documents requested.
It is the obligation of the custodian of public records to respond to mailed *446 requests for information as to copying costs and to furnish copies of records when the person requesting them identifies the portions of the record with sufficient specificity to permit the custodian to identify the record and forwards the fee. See Wootton v. Cook, 590 So.2d 1039 (Fla. 1st DCA 1991). With respect to the document request addressed to the clerk of the circuit court, Woodard requested specific documents and requested information about the costs of copying them. Under Wootton, the clerk of the court had a duty to respond to the request for information as to copying costs.
With regard to the state attorney, we affirm because Appellant failed to identify with sufficient specificity the records requested. Accordingly, we affirm in part, as to the request to the state attorney. We reverse in part, as to the request to the clerk of the circuit court, and remand for the circuit court for further proceedings, including the issuance of an alternative writ of mandamus to the clerk of the circuit court to show cause why the requested relief should not be granted.
STONE, TAYLOR and MAY, JJ., concur.
NOTES
[1] According to the initial brief, after issuance of the order on appeal, the clerk of the circuit court sent Woodard a document, informing him that the fee schedule in use in that office was $1 per page. He notes that this information is not helpful, as he needs to know the total cost of the requested records.