PER CURIAM.
Dr. James Weaver appeals an order enjoining him from continuing to prosecute certain pending administrative actions against appellee, the School Board of Leon County, and from filing any new administrative or state-court actions against the School Board regarding employment, unless he is represented by counsel. We affirm without comment eleven of Dr. Weaver’s twelve issues, but reverse Issue II, because the trial court did not have the authority to prohibit Dr. Weaver from appearing pro se in any action against the School Board in all state courts and administrative forums.
After Dr. Weaver worked for the School Board during the 1990-91 school year, the School Board did not renew his contract and has refused to hire him in any of the numerous positions he has applied for. He is an African American and has filed numerous complaints against the School Board in state and federal court, and with the Florida Commission on Human Relations, alleging race, gender, and retaliatory discrimination. It has been repeatedly determined that the Board had a legitimate non-discriminatory reason for declining to hire Dr. Weaver, because of his poor job performance in 1990-91, and that he has failed to establish that this was a pretext for discrimination.
On October 8, 2002, the School Board filed a complaint for permanent injunctive relief, asking the court to enjoin Dr. Weaver from continuing to apply to the Board for employment, and from filing lawsuits or administrative actions against the Board for failing to hire him. The proceedings culminated in the issuance of an injunction, finding that “[t]he School Board is being irreparably harmed by incurring the expense and effort of defending against James Weaver’s continued succession of lawsuits and administrative actions, which are necessarily barred as a matter of law by the doctrine of collateral estop-pel”; that such harm would likely continue; that the Board has “a clear legal right to not be subject to a succession of barred lawsuits and administrative actions”; that the Board has no adequate remedy at law; and thus that an injunction against Dr. Weaver is in the public interest. The court ordered:
Upon these findings, James J. Weaver is hereby ENJOINED from (1) filing any new state administrative or court action against the School Board regarding employment unless he is represented by a member of the Florida Bar, and (2) continuing to prosecute the following pending administrative actions against the School Board unless he is represented by a member of the Florida Bar: Weaver v. Leon County School Board, FCHR No. 20-01803; Weaver v. Leon County School Board FCHR No. 22-02301; Weaver v. Leon County School Board, FCHR No. 23-00689; Weaver v. Leon County School Board, FCHR No. 23-03544.
The lower court had the authority to apply such directive to courts in the Second Judicial Circuit. In each of the cases the School Board relies upon, the courts *931 were careful to state that their orders applied only to the courts within their own jurisdiction. See Day v. Dep’t of Health, 790 So.2d 1212 (Fla. 1st DCA 2001); Rivera v. State, 740 So.2d 584 (Fla. 1st DCA 1999); Attwood v. Eighth Circuit Court, 667 So.2d 356 (Fla. 1st DCA 1995); Battle v. Roscoe, 689 So.2d 301 (Fla. 5th DCA 1997); Kreager v. Glickman, 519 So.2d 666 (Fla. 4th DCA 1988); Platel v. Maguire, Voorhis & Wells, P.A., 436 So.2d 303 (Fla. 5th DCA 1983). A review of dozens of cases in Florida and other jurisdictions has uncovered only one case in which a court has extended a similar directive to a different court, much less an administrative agency. Karr v. Williams, 50 P.3d 910 (Colo.2002) (Colorado Supreme Court enjoined Williams from filing any claim in the courts of the state of Colorado without being represented by an attorney unless he obtained permission from the court where he intended to bring the claim), cert. denied, 537 U.S. 1127, 123 S.Ct. 899, 154 L.Ed.2d 812 (2003). Even Florida’s Vexatious-Litigant Law only permits a circuit court to enter an order prohibiting a vexatious litigant from commencing any new actions without leave in that particular court. § 68.093(4), Fla. Stat. (2004).
We REVERSE and REMAND with directions to the circuit court to limit its order of injunction to the Second Judicial Circuit.
ERVIN, KAHN and BENTON, JJ., concur.