983 So.2d 656 (2008)
Bryan K. HOGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4210.
District Court of Appeal of Florida, Second District.
May 21, 2008.
Bryan K. Hogan, pro se.
Bill McCollum, Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Chief Judge.
Bryan Hogan sought copies of specific records from his past criminal cases, and he was willing to pay for the copies. The Florida Rules of Judicial Administration govern access to such judicial records. See Fla. R. Jud. Admin. 2.051 (2006) (governing access to judicial records) (now found at Fla. R. Jud. Admin. 2.420 (2008)); Times Publ'g Co. v. Ake, 660 So.2d 255 (Fla.1995) (holding that chapter 119, Florida Statutes, does not apply to judicial records). Hogan complied with rule 2.051(e)(1) by making a sufficiently specific, written request. But the circuit court clerk's office refused to tell him the cost of obtaining the records until Hogan or someone on his behalf went to the location where the records were stored. As the custodian of the judicial records at issue here, the clerk "had a duty to respond to the request for information as to copying costs." Woodard v. State, 885 So.2d 444, 446 (Fla. 4th DCA 2004) (reversing when clerk informed appellant only of the general fee schedule for records but refused to state total cost for requested records); see also Mathis v. State, 722 So.2d 235 (Fla. 2d DCA 1998) (reversing when court reporter refused to provide cost of requested transcripts).
In this case, Hogan appeals the denial of his motion to compel, which asked the circuit court to direct the clerk to provide Hogan with the cost of the records and then to furnish them upon Hogan's payment. Hogan's motion to compel met the pleading requirements for *658 a mandamus petition, see Fla. R. Civ. P. 1.630, which is the appropriate vehicle for challenging the denial of access to judicial records, see Fla. R. Jud. Admin. 2.051(d); Mathis, 722 So.2d 235. Accordingly, we reverse and remand for the circuit court to treat Hogan's motion as a petition for a writ of mandamus. See art. V, § 2(a), Fla. Const. (requiring that "no cause shall be dismissed because an improper remedy has been sought").
Reversed and remanded for further proceedings.
ALTENBERND and WHATLEY, JJ., Concur.