996 So.2d 956 (2008)
Douglas GILLIAM, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-2800.
District Court of Appeal of Florida, Second District.
December 17, 2008.
*957 VILLANTI, Judge.
Douglas Gilliam seeks review of the trial court's order denying his "Motion For Execution of Ministerial Duties By Proper Agency-Clerk of Court," which the trial court treated as a petition for writ of mandamus. We reverse and remand for further proceedings.
On January 7, 2008, Gilliam filed a "Motion For Disclosure of Itemized Cost For Public Record(s) Request. To wit-Sentencing Hearing On VOP And New Substantive Offense." In this motion, Gilliam asked the circuit court to provide him with "the specific cost, attributable to him, of the sentencing transcript in which [sic] is presumed to contain the defendant's/petitioner's February 10, 2003 change of plea." The circuit court clerk responded to this motion by sending a letter acknowledging receipt of Gilliam's motion; however, this letter did not include any information concerning the cost of obtaining the requested transcript.
After several months elapsed with no further response to his motion, Gilliam filed a "Motion For Execution of Ministerial Duties By Proper Agency-Clerk of Court. Pursuant To F.S. Chpt. 119-Public Records Statute." The trial court treated this motion as a petition for writ of mandamus and denied it, finding that because Gilliam did not state a willingness to pay the cost of the transcript and did not state what legal duty the clerk had allegedly failed to perform, Gilliam's motion failed to meet the requirements for a petition for writ of mandamus. The trial court also stated that it could not determine from Gilliam's motion whether he was complaining about not receiving an itemization of the cost of the transcript or the clerk's failure to actually produce the transcript. Gilliam now appeals the denial of his motion.
As noted above, the trial court treated Gilliam's motion as a petition for writ of mandamus. A petition for an extraordinary remedy, such as a writ of mandamus, must contain a statement of the facts on which the petitioner relies for relief and a request for the relief sought. *958 See Fla. R. Civ. P. 1.630(b). If a petition for writ of mandamus does not state a facially sufficient claim for relief, the trial court may dismiss it. See Davis v. State, 861 So.2d 1214, 1215 (Fla. 2d DCA 2003); Holcomb v. Dep't of Corrs., 609 So.2d 751, 752 (Fla. 1st DCA 1992). However, if a petition for writ of mandamus states a prima facie case for relief, the trial court must issue an "alternative writ," see Fla. R. Civ. P. 1.630(d)(3), which "`is essentially an order to show cause why the requested relief should not be granted.'" Bostic v. State, 875 So.2d 785, 786 (Fla. 2d DCA 2004) (quoting Conner v. Mid-Fla. Growers, Inc., 541 So.2d 1252, 1256 (Fla. 2d DCA 1989)); see also Davis, 861 So.2d at 1215. Once an alternative writ has issued, the burden is on the respondent to come forward with the facts it contends support its refusal to perform its legal duty. Bostic, 875 So.2d at 786; Smith v. State, 696 So.2d 814, 816 (Fla. 2d DCA 1997).
In this case, while Gilliam's motion may not have been artfully drafted, it did contain sufficient facts to support the relief he is seeking, i.e., an itemization from the clerk of the cost of the transcript of the sentencing hearing resulting from his February 10, 2003, change of plea. Further, as the custodian of judicial records, the clerk had a legal duty to respond to Gilliam's request for information regarding costs. See Hogan v. State, 983 So.2d 656, 657 (Fla. 2d DCA 2008) (quoting Woodard v. State, 885 So.2d 444, 446 (Fla. 4th DCA 2004)). Moreover, Gilliam substantiated his request by attaching his original motion requesting the itemization of costs together with the clerk's response. Because Gilliam's motion constituted a facially sufficient petition for writ of mandamus, the trial court erred by not issuing an alternative writ ordering the clerk to show cause why the requested relief should not be granted. See Bostic, 875 So.2d at 786; Davis, 861 So.2d at 1216.
Accordingly, we reverse and remand for further proceedings, including the issuance of an alternative writ to the clerk of the circuit court to show cause why it is not required to inform Gilliam of the cost for him to obtain the transcript he has requested. If the clerk's response raises a valid defense to providing Gilliam with the requested cost, the trial court may deny the petition. Otherwise, it shall grant the petition for writ of mandamus and order the clerk to provide Gilliam with the costs associated with his request for transcripts.
Reversed and remanded for further proceedings.
LaROSE and DAVIS, JJ., Concur.