PER CURIAM.
G.W.[1] complains that the circuit court clerk for Sarasota County failed to transmit a notice of appeal to this court, thus depriving him of appellate review and, inferentially, this court of its obligation to initiate an appellate proceeding over which it has jurisdiction. He advanced this claim by submitting a document to this court entitled “Petitioner’s Verified Motion for Belated Appeal,” styled “[G.W.] v. [L.M.]” reflecting the parties to the circuit court action. Mindful that petitions for belated appeal pertain only to criminal matters, this court by order treated the proceeding as a petition for writ of mandamus and has restyled the case “G.W. v. Karen Rushing, Clerk of Circuit Court.”[2] We deny the petition as moot.
G.W.’s petition asserts that he filed a notice of appeal on October 17, 2008, for review of an order of September 24, 2008. He attached as an appendix to his petition a letter sent to him from the circuit court clerk dated November 25, 2008, that referenced an order issued by Judge Curley signed November 14, 2008. This order directed the circuit court clerk to “remove from the court file the Notice of Appeal that Mr. [G.W.] filed pro se.” The order also directed the clerk to provide a copy of that order to G.W., as well as an earlier order issued by Judge Donnellan signed December 29, 2006, that decreed G.W. to be a vexatious litigant as authorized by section 68.093, Florida Statutes (2006), and instructed the clerk “not to accept any pleadings, notices or other documents from Petitioner [G.W.] unless signed by a member in good standing of the Florida Bar.” Judge Donnellan’s order determining G.W. to be a vexatious litigant, sixteen pages in length, chronicles in exhaustive detail his long and unusually abusive history in the *821 matter of G.W. v. L.M. and includes as one of several appendices thirty-five pages of docket entries in that circuit court proceeding.[3]
Concerned that the circuit court clerk may have neglected to perform a ministerial duty by failing to transmit the notice of appeal to this court, we entered an order directing her either to provide a certified copy of the notice to this court or to show cause why the petition for writ of mandamus should not be granted. The circuit court clerk responded on October 16, 2009, by confirming that Judge Curley, by order of November 14, 2008, had instructed the clerk to remove the notice of appeal from the court file. Hence, this response concludes, “[W]e are unable to transmit to your court a certified copy of the notice of appeal referencing the instant case number at this time.” From that response, it appeared that the circuit court clerk did not follow the practice of placing submissions deemed to be unauthorized by those restricted from access to the courts in an inactive file. See, e.g., Helm v. Hillsborough County, 849 So.2d 322, 324 (Fla. 2d DCA 2003); Pettway v. State, 725 So.2d 428, 429 (Fla. 2d DCA 1999); Attwood v. Singletary, 659 So.2d 1127, 1128 (Fla. 2d DCA 1995).
Two weeks after providing that response, the circuit court clerk alerted the clerk of this court that the notice of appeal in question had been located, and she properly certified it and transmitted it to this court to initiate an appeal, now assigned case number 2D09-5107. Based on the information provided by the circuit court clerk, it appears that the clerk failed to perform her ministerial duty when she did not transmit G.W.’s notice of appeal for a period of one year, until ordered to do so by this court. See Allston v. State, 685 So.2d 1312, 1313 (Fla. 2d DCA 1996) (holding that forwarding a notice of appeal from the clerk of the lower tribunal to the appellate court is a ministerial duty). It is a fundamental principle of jurisprudence that a trial court does not have the authority to dictate what matters are within, or without, the jurisdiction of the appellate court that reviews its orders and judgments. See Martin v. Circuit Court, Seventeenth Judicial Circuit, 627 So.2d 1298, 1300 (Fla. 4th DCA 1993) (“The Clerk of the Circuit Court has a ministerial duty to receive and file notices of appeal, and any contrary directive from the chief judge issued without due process is an invalid exercise of power.”).
Just as this court considers notices to invoke discretionary jurisdiction and notices of appeal it receives to be the property of the supreme court and its clerk, notices of appeal filed with the circuit court clerk to review circuit court orders likewise should be regarded as the property of this court and its clerk. In recent years circuit court judges in this district have twice stricken notices of appeal, and the clerks of Manatee and Polk Counties, appreciating their ministerial duties, have transmitted the notices to this court’s clerk, along with the orders from the circuit court striking them. With this opinion, we reiterate that the circuit court clerk has the duty to properly transmit notices of appeal to this court. However, because the clerk has now fulfilled that *822 duty, the petition for writ of mandamus is denied as moot.
Petition denied.
DAVIS, SILBERMAN, and MORRIS, JJ., Concur.

. The circuit court proceeding giving rise to this one appears to be a paternity case. Consistent with the legislative intent to protect the anonymity of parties to such actions, § 742.09, Fla. Stat. (2009), this court truncates the names of the litigants in its orders and opinions.

. The circuit court normally would entertain jurisdiction over mandamus proceedings in which the clerk of the circuit court is a respondent. See Itturaldes v. Gardner, 820 So.2d 444 (Fla. 5th DCA 2002). However, in view of the unusual facts of this case and the allegation that the circuit court clerk has interfered with this court’s jurisdiction, this matter is appropriately addressed to this court.

. We have observed that G.W.’s disputes with L.M. appear to be associated with a paternity case, governed by the Florida Family Law Rules of Procedure, and he may not qualify for vexatious litigant status. See § 68.093(2)(a), Fla. Stat. (2006). That issue, however, is not before the court in this proceeding.