ORDER IMPOSING SANCTIONS
 

 PER CURIAM.
 

 Kelvin Frazier petitioned this court for a writ of mandamus, asking this court to compel the Circuit Court for Santa Rosa County to file and take action on a habeas corpus petition he filed there. Previously, a judge of that court had entered an order prohibiting Frazier from appearing in civil actions in that court unless he paid any applicable filing fee and was represented by counsel. Because that sanction order was not successfully challenged by Frazier, the clerk properly acted in accordance with it, and we therefore denied the petition.
 
 Frazier v. McNeil,
 
 23 So.3d 714 (Fla. 1st DCA 2009).
 

 Further, on this court’s own motion, a show cause order issued to petitioner as to why a similar sanction should not be imposed against him by this court. Since 2003, Frazier has filed 17 appeals and petitions, obtaining relief only on a filing fee issue in
 
 Frazier v. McDonough,
 
 950 So.2d 515 (Fla. 1st DCA 2007). His other cases were either dismissed for failure to comply with the Florida Rules of Appellate Procedure or orders of this court, or were found to be without merit. Having considered his response to the show cause order, we elect to impose sanctions against petitioner.
 
 See Lee v. Fla. Dep’t of Corr.,
 
 873 So.2d 489 (Fla. 1st DCA 2004);
 
 Attwood v. Eighth Circuit Court,
 
 667 So.2d 356 (Fla. 1st DCA 1995). It is hereby ordered that Kelvin Frazier shall secure the filing of a notice of appearance by a member in good standing of The Florida Bar in any active case now pending before this court in which he appears as appellant or petitioner within 10 days of date of this order, failing which such cases shall be dismissed. Further, the clerk of this court is directed to accept no further pro se filings from Frazier; if received, they shall be returned to him without filing and with a reference to this opinion.
 

 IT IS SO ORDERED.
 

 KAHN, LEWIS, and WETHERELL, JJ., concur.