PALMER, J.
In this public records case, Susan Hewl-ings appeals the trial court’s order denying her motion for attorney’s fees against Orange County, Orange County Animal Services, and Sarah Zimmerman as records custodian for Orange County Animal Services (collectively County). We reverse.
*840 Hewlings filed a petition for writ of mandamus directed to the County, seeking to enforce her right of access to government records. The petition alleged that Hewlings faxed a letter to the County demanding copies of all records related to a dangerous dog investigation of her dog. Later that day, Hewlings received a voice-mail from the County acknowledging the request. The next day, Hewlings faxed another letter to the County, again requesting access to and copies of all documents relating to the investigation. One week later, after receiving no response from the County, counsel for Hewlings contacted the County Attorney’s Office and was advised that a response would be issued that day. Three days later, Hewl-ings’ counsel received a faxed letter from the County stating that the County intended to comply with the records request. The letter advised that someone would contact Hewlings to arrange a time within 14 days for her to examine the records and designate the documents to be copied. Hewlings responded by letter, explaining that she did not need to inspect the records because she was requesting copies of all documents relating to the investigation. After receiving no further communication from the County, Hewlings filed her mandamus petition seeking an order directing the County to comply with her records request. Upon consideration, the trial court entered an order directing the County to produce the records within forty-eight hours. The County complied with the order.
Hewlings then filed a motion for attorney’s fees. The motion argued that Hewl-ings was entitled to recover fees because there was no reason justifying the County’s 45-day delay in complying with her records request. The County maintained that the motion should be denied because the County responded to Hewlings’ request by voicemail and fax. The trial court agreed with the County and, therefore, denied Hewlings’ motion.
Hewlings appeals, arguing that the trial court erred in denying her motion. We agree.
Hewlings sought mandamus relief under Florida’s public records statutes. “It is the policy of this state that all state, county and municipal records shall at all times be open for a personal inspection and copying by any person.” 119.01(1), Fla. Stat. (2010). Section 119.07 authorizes all persons to inspect and copy public records. The Fourth District has construed section 119.07 as meaning that “[i]t is the obligation of the custodian of public records ... to furnish copies of records when the person requesting them identifies the portions of the record with sufficient specificity to permit the custodian to identify the record and forwards the fee.” Woodard v. State, 885 So.2d 444, 445-46 (Fla. 4th DCA 2004).
Section 119.12 authorizes an award of attorney’s fees to a party who succeeds in a civil action to overcome an agency’s unlawful refusal to permit public records to be inspected or copied:
119.12. Attorney’s fees
If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement including reasonable attorneys’ fees.
This section is liberally construed so as to best enforce access to public records. Downs v. Austin, 559 So.2d 246 (Fla. 1st DCA 1990). In Barfield v. Town of Eatonville, 675 So.2d 228, 224 (Fla. 5th DCA 1996), our court explained that the purpose the attorney’s fee statute “is to encourage public agencies to voluntarily comply with *841 the requirements of Chapter 119, thereby ensuring that the state’s general policy is effectuated.” Barfield further held: “An unjustified delay in complying with a public records request amounts to an unlawful refusal under [the statute].” Id.
In rejecting Hewlings’ motion, the trial court relied on the following language in Office of State Attorney v. Gonzalez, 953 So.2d 759 (Fla. 2d DCA 2007): “[Ajttor-ney’s fees are awardable for unlawful refusal to provide public records ... when the agency unjustifiably fails to respond to a public records request by delaying until after the enforcement action has been commenced.” Id. at 764 (emphasis added). The trial court interpreted the emphasized phrase as meaning that Hewlings was not entitled to recover attorney’s fees because the County responded to her records request by voicemail and fax. This interpretation of Gonzalez is incorrect. Two cases on which Gonzalez relied, Barfield and Brunson v. Dade County School Board, 525 So.2d 933 (Fla. 3rd DCA 1988), referred to delay in complying with a records request, not delay in responding to a records request. In addition, the mere fact that the County quickly responded to Hewlings’ request was not dispositive of whether the County unjustifiably delayed in complying with her request. As such, the trial court’s ruling that Hewlings was not entitled to recover attorney’s fees because the County responded to her records request was erroneous.
Accordingly, we reverse the trial court’s order and remand this matter for further proceedings.
REVERSED and REMANDED.
ORFINGER, C.J., and COHEN, J., concur.