PER CURIAM.
Jerome Blackshear appeals an order denying his motion seeking to compel a response from the Clerk of the Circuit Court for Madison County to his request for information about the cost for copying the records in his criminal case file. The lower court denied the motion because it “is not the correct avenue for seeking relief in the form of this Court ordering a public official to perform a ministerial duty.” We conclude the court should have treated Blackshear’s motion as a petition for writ of mandamus and issued an alternative writ to the Clerk to show cause why the relief sought should not be granted.
“The Clerk of the Circuit Court has a legal duty to maintain and to provide access to the records contained in its files unless the records are legally exempt from disclosure.” Radford v. Brock, 914 So.2d 1066, 1068 (Fla. 2d DCA 2005) The Clerk is also duty-bound to respond to a request about copying costs for the records sought. See Fla. R. Jud. Admin. 2.420(a), (m)(1)-(3) (2013); Woodard v. State, 885 So.2d 444, 446 (Fla. 4th DCA 2004) (holding that clerk of court had duty to respond to request for information as to copying costs) (citing Wootton v. Cook, 590 So.2d 1039, 1040 (Fla. 1st DCA 1991)). A petition for writ of mandamus is the proper vehicle for enforcing one’s right of access to court records. See Minasian v. State, 967 So.2d 454, 455 (Fla. 4th DCA 2007). If such a petition is facially sufficient, the court is required to issue an alternative writ, which, in effect, is a show cause order. See Fla. R. Civ. P. 1.630(b), (d)(3); Gilliam v. State, 996 So.2d 956, 957 (Fla. 2d DCA 2008).
Other district courts have held that a motion, like the one Blackshear filed in this case, containing a facially sufficient claim for mandamus relief should be treated as a proper petition and acted upon accordingly. Those courts have reversed denials of motions setting forth facially sufficient claims for mandamus relief seeking court records or a statement from the clerk regarding costs to produce the records. See Gilliam, 996 So.2d at 957-58 (reversing denial of inmate’s “Motion For Execution of Ministerial Duties” where factual allegations in motion, together with attached request to clerk of court for records, constituted facially sufficient petition for writ of mandamus such that court was required to issue alternative writ); Hogan v. State, 983 So.2d 656, 657-58 (Fla. 2d DCA 2008) (reversing denial of inmate’s motion to compel clerk’s office to provide *1095 costs of copying requested records from inmate’s criminal files, and directing court on remand to treat motion as mandamus petition).
We reverse the order denying Black-shear’s motion to compel a response from the Clerk to his request for cost information, and remand for the circuit court to issue an alternative writ.
REVERSED and REMANDED.
VAN NORTWICK, MARSTILLER, and RAY, JJ., concur.