TORPY, C.J.
We address this four-year-old, public records case for the second time. Appellant violated the public records law,[1] a conclusion that it now admits, but only after the trial court rejected its arguments to the contrary. This appeal, like the first, involves only Appellee’s entitlement to attorney’s fees. We previously concluded that Appellant was responsible for the payment of Appellee’s attorney’s fees, conditioned only on one additional finding by the trial judge. Although the trial judge made that finding and Appellant advances no challenge to that finding, it nevertheless persists in arguing on appeal for the second time that there is no statutory authority for an award of fees for its violation of the public records law. Despite Appellant’s assertion that it is raising new issues, we conclude that it is simply attempting to re-argue what it unsuccessfully argued during the first appeal. We reject Appellant’s arguments once again and impose sanctions for the filing of a frivolous appeal.
Before addressing the merits of this appeal, we are constrained to address the question of our jurisdiction, because the order entered below determined only entitlement to attorney’s fees without setting the amount of those fees. Appellee raised this jurisdictional impediment in her answer brief,[2] citing Ocean Club Community Ass’n v. Curtis, 934 So.2d 522, 523 (Fla. 3d DCA 2005). Rather than address this issue in its reply brief or otherwise, Appellant chose to ignore the jurisdictional issue and forge ahead with its appeal and request for oral argument. At oral argument, Appellant’s counsel cast the blame for this omission on Appellee, stating that *814 he ignored the argument because Appel-lee’s sole authority was a “PCA,” implying that the authority was of no legal significance. Apparently, Appellant’s counsel, who was admitted to the bar in 1977, is unaware of the distinction between a “PCA,” which is an appellate disposition that contains only one word, “Affirmed,” and an opinion of an appellate court that is written for the court, without an identified author, a “per curiam” opinion. The former has no precedential value, whereas the latter does. State Comm’n on Ethics v. Sullivan, 430 So.2d 928 (Fla. 1st DCA 1983). Here, the decision cited by Appel-lee was in the latter category. Besides, even superficial research on this point would have revealed a plethora of decisional law, all of which confirms this fundamental point. We expect lawyers to thoroughly research and address all of the issues that are presented, especially one as important as our jurisdiction.
While we conclude that we are lacking jurisdiction to address the propriety of the order determining entitlement to fees for the trial proceedings, we do have jurisdiction to address that part of the order that determines entitlement to appellate fees for the prior appeal. In the prior appeal, we held that the trial court erred in denying attorney’s fees to Appellee for the services of her attorney in the prior trial court proceeding. We remanded the case for further proceedings. Hewlings v. Orange Cnty., Fla., 87 So.3d 839, 841 (Fla. 5th DCA 2012) (“Hewlings I ”). In a separate order, we conditionally granted appellate fees, “contingent on the trial court finding that the County unreasonably delayed in complying with the document request.” The trial court made this finding on remand. As previously stated, Appellant does not challenge this finding of unreasonable delay. Instead, it makes other challenges to the trial court’s order. Although the form of challenge is a new appeal, we nevertheless have jurisdiction to consider the correctness of this order by treating the appeal as a motion to review the order pursuant to Florida Rule of Appellate Procedure 9.400(c). This rule provides that review of an “order” entered regarding attorney’s fees or costs on appeal should be addressed by motion. The rule does not specify that the “order” under review must be final.[3] Accordingly, we treat this appeal as a motion for review under that rule and address the merits of the lower court’s order, insofar as it determined entitlement to appellate fees for the prior appeal. See Pellar v. Granger Asphalt Paving, Inc., 687 So.2d 282, 284 (Fla. 1st DCA 1997) (court may treat notice of appeal as motion for review under rule 9.400(c)).
The relevant facts of this case are spelled-out in Hewlings I. In a nutshell, Appellee sought records in connection with the investigation of her dog by the county’s animal control division. Appellee made simple, specific, and repetitive requests. After numerous exchanges of communications, Appellant said that it would arrange a time within fourteen days for Appellee to inspect the records and designate those for copying. It outlined a procedure under which Appellee was to inspect the records and designate those she wanted copied. In a facsimile trans *815 mittal delivered the very next day, Appel-lee made clear that she did not want to inspect the records; she wanted Appellant to provide copies of all of them. As she had previously done, she offered to pay the costs for the copies and asked for an invoice for the costs. After a period of two weeks without a response, Appellee filed a mandamus petition. In it, she claimed that Appellant had failed to comply with the public records law by not responding to her request for copies with either cost information or the copies themselves. Her prayer for relief was an order directing Appellant to “produce copies of the requested records.”
The trial court granted the petition, ordering Appellant to produce the records within forty-eight hours. Appellant complied with the order and did not challenge the order on appeal. Appellant nevertheless objected to an award of attorney’s fees, arguing that it was not statutorily obligated to pay fees, even though it had violated the public records law. The trial court agreed and denied the request for fees. Appellee appealed that order in Hewlings I.
In its answer brief in Hewlings I, Appellant argued that it was not obligated to pay fees because it never “refused” to comply with the request but simply did not “copy the records as quickly as [Appellee] wanted.” It further argued that, although it is obligated to furnish copies upon request and upon payment of costs, pursuant to section 119.07(4), Florida Statutes, a violation of that provision does not give rise to a claim for fees because the fee statute only authorizes fees when the agency fails to “permit a public record to be inspected and copied.” In other words, Appellant argued that it cannot be held responsible for payment of fees for refusal or delay in furnishing copies provided it “permits” the citizen requesting the record to personally inspect and personally copy the record herself, using her own camera or copy machine.
We rejected both arguments in Hewl-ings I. We held that an unreasonable delay in complying with a request was tantamount to a refusal to comply within the contemplation of section 119.12. Hewlings I, 87 So.3d at 841. Our conclusion was not unprecedented on this point. Office of State Attorney v. Gonzalez, 953 So.2d 759, 765 (Fla. 2d DCA 2007). Citing Woodard v. State, 885 So.2d 444, 445-46 (Fla. 4th DCA 2004), we also rejected Appellant’s second argument that it cannot be required to pay attorney’s fees when it fails to furnish copies.[4]. Hewlings I, 87 So.3d at 840. Our separate order granting appellate attorney’s fees made clear that only one issue was left for further consideration by the trial court — whether there had been an “unreasonable delay” in complying with the request. Appellant did not file a request for clarification or rehearing of either decision and sought no further review.
After remand, the trial court conducted further proceedings and concluded that Appellant had “unreasonably delayed” in complying with the request. Appellant does not now challenge that finding. Instead, it asserts that the finding is of no significance, because the statute does not authorize an award of fees absent a “refusal” by the agency to comply with the public records law. Appellant summarizes its argument in its initial brief as follows: “Even though the trial court agreed with Hewlings that Orange County unjustifiably *816 delayed in making the copies of its public records, there is no authority for the trial court to award attorney’s fees to Hewl-ings.” We are admittedly perplexed by this statement. It is as if counsel for Appellant, who was the same counsel in Hewlings I, slept through the entire prior appellate proceeding and then failed to read either the opinion or order. As it did in Hewlings I, Appellant also argues that attorney’s fees are only authorized when an agency refuses to “permit” inspection and copying, not when it violates its statutory duty to furnish the requested copies.[5] The law-of-the-case doctrine precludes further consideration of either argument. Delta Prop. Mgmt v. Profile Invs., Inc., 87 So.3d 765, 770 (Fla.2012).
Although we reject as factually incorrect Appellant’s contention that it is raising new arguments in this appeal, we would reach the same conclusion even if these were new arguments because they address the same question of law decided in Hewlings I. At the initial hearing on Ap-pellee’s motion for attorney’s fees, Appellant argued that fees were not authorized by the particular statute on which Appellee based her claim. The question of law before us in Hewlings I was whether the statute in question authorized an award of fees on the facts and theory of this case, the theory being that Appellant delayed in furnishing copies of requested records. We held that it does, provided that the delay in compliance was not reasonable. The law-of-the-case doctrine forecloses further consideration of this entire legal question, without regard to whether the identical arguments were previously addressed.[6] Delta Prop. Mgmt., 87 So.3d at 770.
Furthermore, the law-of-the-case doctrine notwithstanding, any new arguments pertaining to the applicability of the statute (except those pertaining to whether the delay was unreasonable) not raised in the initial hearing and during the first appeal are waived. See Lloyd v. State, 876 So.2d 1227, 1228 (Fla. 4th DCA 2004) (statutory construction argument not made in trial court is not preserved for purposes of appeal); Dep’t of Health & Rehabilitative Servs. v. Ledford, 621 So.2d 682, 684 (Fla. 4th DCA 1993) (objections to attorney’s fees not raised are waived); see also Coolen v. State, 696 So.2d 738, 742 n. 2 (Fla.1997) (failure to clearly raise issue in brief is waiver). Absent some extraordinary circumstance, an argument that is waived for purposes of a prior appeal may not be resurrected in a second appeal involving the same parties, same facts, and same subject matter. Indeed, Appellant’s suggestion that it may incrementally dole out its arguments pertaining to the meaning of *817 a single statute in separate appeals borders on ludicrous.
The public records law embodies important public policy. It is designed to provide citizens with a simple and expeditious method of accessing public records. Appellee made a simple request for the records related to the investigation of her dog. She asked for copies of the records and expressed a willingness to pay the costs. Instead of complying with this simple request, Appellant chose to interpose the additional bureaucratic hurdles of forcing her to come to its offices, comb through the records, mark the records in a certain manner, wait for a written estimate of costs, then, after paying the costs, wait again for the records to be mailed to her. This was a violation of the law. Because of Appellant’s actions in this case, which are also in direct contravention of the public policy favoring a simple and prompt resolution of public records requests, this litigation has now spanned four years and involved discovery depositions, other discovery, numerous motions hearings, trials, mediations, and two appeals. To say that Appellant has turned a molehill into a mountain is an understatement. This case provides a textbook example of why the legislature authorized an award of fees against obstinate public entities such as Appellant.
Lastly, we address Appellee’s request for fees for this unnecessary appeal. Appellee filed a motion for sanctions under Florida Rule of Appellate Procedure 9.410. Appellant’s lackadaisical response was as follows: “Appellant relies on its Initial Brief and Reply Brief as a demonstration that the appeal is not frivolous and raises issues not previously decided by this Court.” Having carefully reviewed the briefs, we conclude that Appellant has simply re-argued the same arguments and same legal question that were already presented and decided. Accordingly, we grant the motion and impose as a sanction for this frivolous and abusive appeal an award of attorney’s fees in favor of Appel-lee. The only issue on remand is the amount of the fee, which the trial court shall determine after a hearing. '
In summary, we conclude that the trial court correctly determined the issue of entitlement to fees for the prior appeal, leaving only the issue of the amount for determination after further proceedings. We do not have jurisdiction to decide if the determination of entitlement to fees for the prior trial proceedings is error. We trust, however, that we will not need to revisit these issues for a third time.
MOTION FOR REVIEW DENIED; MOTION FOR SANCTIONS GRANTED AND REMANDED; APPEAL DISMISSED IN PART.
SAWAYA and COHEN, JJ., concur.

. Ch. 119, Fla. Stat. (2010).

. Even though this method of addressing a jurisdictional impediment in a brief is not inappropriate, it is preferable that these issues be raised by motion.

. Ordinarily, we determine entitlement and leave only the amount of fees for determination by the trial judge, so when the case comes back to us for review by motion, all of the trial court’s labor has been concluded. This case is rare because the issue of entitlement was conditioned on an additional finding by the trial judge. Under the unique facts of this case, we conclude that a motion under the rule could have been filed either after the entitlement determination or after the fee amount is determined, although the latter method is preferable.

. Woodard followed Wootton v. Cook, 590 So.2d 1039 (Fla. 1st DCA 1991). Appellee cited Wootton in her petition. Appellant does not quarrel with the correctness of either decision.

. This argument strikes us as particularly disingenuous, given the facts here. Appellant finally responded to Appellee with what appears to be a form letter dated June 26, 2010. It dictated a particular "Inspection Process” and ."Copying Process." It prohibited files from being "disassembled.” It required the citizen to mark requested records with "tape flags” and also indicate in a separate "post-it note” if the citizen was requesting ".color toner” be used. At that point, according to the written instructions, Appellant would either mail or fax a cost estimate to the citizen and, upon payment in full, make the copies. In short, nothing in this letter informs the citizen that she is permitted to make her own copies of the records. Indeed, because the disassembly of files (most likely a necessary step in the copying process) is expressly prohibited, the contrary is indicated.

. This is not a situation like in Delta Property Management where new facts came to light in between the two appeals. Here, all of the facts were before the court at the initial hearing and in the first appeal. The sole legal question was whether, under those facts, fees were authorized. All of the arguments bearing on that legal question should have been raised in the first appeal.