DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEREMY MERCHANT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1861

[January 21, 2015]

Petition for writ of mandamus to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. 10017295CF10A.

Michael R. Ohle of Ohle & Ohle, Fort Pierce, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Senior Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from the circuit court's order denying his motion for the court to direct the circuit court clerk to send a copy of his correct sentence to the Florida Department of Corrections ("the Department"). The defendant argues that his correct sentence indicates that his sentence was to run concurrently with any active sentence which he was serving, but that the copy of the sentence which the Department received contains no such indication. Based on our review of the record, we treat this appeal as a petition for writ of mandamus and grant the petition. We remand for the circuit court to direct the clerk to send to the Department a certified copy of the defendant's correct sentence indicating that his sentence was to run concurrently with any active sentence which he was serving.

The defendant entered a plea of no contest to the charge of possession of a controlled substance. The circuit court sentenced the defendant to 52.3 months' imprisonment, to run concurrently with any active

sentence which the defendant was serving. The court's written sentence indicated that disposition.

When the defendant was committed to the Department for classification, the Department informed him that the copy of the written sentence which it received did not indicate that his sentence was to run concurrently with any active sentence which he was serving, and thus would be treated as a consecutive sentence.

The defendant filed a motion requesting the circuit court to direct the clerk to send to the Department a copy of his correct sentence indicating that his sentence was to run concurrently with any active sentence which he was serving.

The circuit court entered an order denying the defendant's motion. The order states, in pertinent part:

> The defendant's motion for order directing clerk is denied. The undersigned has mailed to defense counsel with this order . . . the sentencing page *which reflects that the defendant's sentence runs concurrent with his other sentence.* This sentence page was filed by the clerk at [the] time of sentencing . . . .

(emphasis added). By sending a copy of the correct sentence to the defendant's counsel, it appears that the court's intent may have been to have the defendant's counsel send to the Department a copy of the correct sentence. However, the Department would not accept a copy of the correct sentence unless it came from the court.

The defendant appealed. The defendant argues that the circuit court erred in denying his motion because the court found that his sentence was to run concurrently with any active sentence which he was serving, and because the Department would not accept a copy of the correct sentence unless it came from the court.

In its answer brief, the state acknowledges that the court, in denying the defendant's motion, found that his sentence was to run concurrently with any active sentence which he was serving.

We treat this appeal as a petition for writ of mandamus. *See* Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought[.]"); *Gilliam v. State,* 996

So. 2d 956, 957 (Fla. 2d DCA 2008) (treating the defendant's motion for execution of ministerial duties as a petition for writ of mandamus).

We grant the petition. The circuit court, in denying the defendant's motion, found that his sentence was to run concurrently with any active sentence which he was serving. Additionally, the certified copy of the defendant's sentence in the court file indicates that his sentence was to run concurrently with any active sentence which he was serving. However, the copy of the defendant's sentence which the Department received inexplicably does not indicate that his sentence was to run concurrently with any active sentence which he was serving, and the Department will not accept a copy of the correct sentence unless it comes from the court.

We remand for the circuit court to direct the clerk to send to the Department a certified copy of the defendant's correct sentence indicating that his sentence was to run concurrently with any active sentence which he was serving.

*Petition granted.*

STEVENSON and CIKLIN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***